[No. 10,080.]

## THE PEOPLE *v.* INDIAN PETER.

ARREST OF JUDGMENT IN CRIMINAL CASE.—If a committing magistrate, before whom an examination is about to be held, with the assent and concurrence of the district attorney, promises a person under arrest, that, if he will become a witness for the people, against other persons then under arrest for the same offense, he shall be acquitted, and the defendant, induced by such promise, testifies and implicates himself, and is afterwards indicted, these facts do not furnish ground for a motion in arrest of a judgment of conviction.

IDEM.—The only grounds on which a motion in arrest of judgment in a criminal case can be based, are those mentioned in the statute.

DISCHARGE OF PRISONER WHEN ON TRIAL.—A promise of immunity from

punishment, made by a prosecuting attorney, or a committing magistrate, to a person charged with a crime, if he will become a witness for the people against others charged with the same crime, furnishes no ground for discharging the prisoner from prosecution, when on trial.

IDEM.—The discharge of a prisoner, that he may be a witness against others, must be made at the trial, before the defendant has gone into his defense, by the Court of its own motion, or upon the application of the district attorney.

IDEM.—A defendant, in a criminal case, cannot be discharged from the indictment, without a trial, except in the case provided for by the statute.

APPEAL from the District Court of Eighth Judicial District, Humboldt County.

The facts are stated in the opinion.

*Chamberlain & DeHaven* and *James Hanna*, for Appellant, cited, Bishop's Crim. Proc., Sec. 508, note 1; *People* v. *Whipple*, 9 Cowen, 715, and *Commonwealth* v. *Knapp*, 10 Pick. 484.

*Attorney-General Love*, for Respondents, argued that the matter must be determined by the Penal Code.

By the Court, WALLACE, C. J.:

The defendant was indicted for the crime of murder, and, being put upon his trial, moved the Court to direct his discharge, and in support of the motion read to the Court the following stipulation of facts, signed by the District Attorney: "Defendant was arrested on said charge (the charge upon which the indictment proceeds) and taken before a committing magistrate, without counsel or knowledge of his rights. He was, by said magistrate, informed and made to believe that if he would become a witness for the people against two persons charged with the same offense, to wit: *The People* v. *John Benoist,* and *The People* v. *Frank Page,* the defendant would thereby be acquitted of any crime therein, and that not a hair of his head should be harmed. The District Attorney, with knowledge of that fact, used defendant as a witness for the People in said two cases. That in said cases the defendant fully testified for the People, at the request of the District Attorney, and in

said testimony implicated himself. That he thereby destroyed the value of his testimony, and effectually shut out any defense he might have had to such charge." The motion was denied, and the defendant excepted to the ruling of the Court. The trial thereupon proceeded, and a verdict of guilty of murder in the second degree having been returned, the defendant moved in arrest of judgment, relying in support of the motion upon the stipulation and the fact therein set forth. The motion in arrest being denied, this appeal is brought, and the counsel for the prisoner expressly waives all errors in the record, if any, except such as arise upon the denial of the motion to discharge and the motion in arrest of judgment.

1. It is settled here, that the only grounds upon which a motion in arrest of judgment can be supported are those which are enumerated in the statute; that is, upon certain defects appearing in the indictment upon which the verdict is found. (Penal Code, Sec. 1,004; Id. Sec. 1,185.) The motion in arrest not being based upon any one of the enumerated grounds, was properly denied.

2. Nor was there any error in denying the motion of the prisoner, made during the progress of the trial, that he be discharged from further prosecution. The understanding had between the committing magistrate and the prisoner, and the acquiescence of the District Attorney therein, furnish in themselves no reason, in point of mere law, for the dismissal of proceedings against the prisoner. Those officers had no authority to promise the accused a pardon, or, what is the same thing, immunity from punishment, if he would testify against the others. The English practice of admitting accomplices to give evidence against their associates, under an implied promise of pardon, on condition of their disclosing the whole truth, had reference to persons already under indictment, as well as in custody. It was done only upon motion of the prosecutor made to the Court, and in the exercise of a high judicial discretion.

But, with us, the proceeding is regulated by statute, which provides, that when two or more persons are included in the same indictment, the Court may, at any time before the

defendants have gone into their defense, on the application of the District Attorney, direct any defendant to be discharged from the indictment, that he may be a witness for the people, and that the order of discharge shall be a bar to another prosecution for the same offense. (Penal Code, Sec. 1,099; Id. 1,101.) So, upon its own motion, or upon the application of the District Attorney, the Court may, in furtherance of justice, order an action or indictment to be dismissed—the reasons of such dismissal being entered of record (Id. 1,385); and such order is a bar to another prosecution for the same offense, if it be a misdemeanor, but not a bar if it be a felony, (Id. 1,387).

The statute having thus designated the cases in which, and the proceedings by which, an indictment may be dismissed and a discharge awarded the accused without actual trial, must be taken to exclude all other cases, or cases not provided for by its terms.

It results that the judgment must be affirmed, and it is so ordered.