[No. 20,035. In Bank.—April 23, 1885.]

THE PEOPLE, ETC., EX REL. C. C. HAMILTON, DISTRICT ATTORNEY OF MENDOCINO COUNTY, PETITIONER, *v.* T. L. BARNES, JUSTICE OF THE PEACE, RESPONDENT.

MANDAMUS—CRIMINAL LAW—PRELIMINARY EXAMINATION—JUSTICE OF THE PEACE.—A writ of mandate lies to compel a justice of the peace to proceed with the preliminary examination of a person, regularly charged with having committed a public offense, arrested and brought before him. The duty of the preliminary examination is especially enjoined on the justice by sections 858-860 of the Penal Code, and his refusal to proceed with the examination is not justified by the mere statement of the counsel for the defendant that an examination for the same offense had been had before another magistrate, on which the defendant had been held to answer.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*Rutledge & McConnell,* and *C. C. Hamilton,* for Petitioner.

Mandamus lies to compel the justice to proceed with the preliminary examination. (*Avery* v. *Superior Court,* 57 Cal. 249.) Two examinations for the same offense may be had. (*Kalloch* v. *Superior Court,* 56 Cal. 236.)

*J. A. Cooper,* and *J. T. Rogers,* for Respondent.

THORNTON, J.—On the eighteenth of September, 1884, Charles W. Finney and Thomas C. B. Finney were arrested upon a warrant duly issued by the defendant, Barnes, then and for some time prior thereto a justice of the peace for the county of Mendocino. The warrant was issued on a complaint, duly verified, before the justice above named, by William Wallach, on the 17th of the month last named, charging the parties whose arrest is mentioned above with the crime of murder, committed in the county above named on one Frank Wallach. The parties arrested were regularly brought before the respondent, as a magistrate, on the 18th day of September, 1884, by the proper officer, that the examination required by law might be had. The justice informed them of the charge against them, and gave them all the information required by the statute on such proceeding. (Penal Code, § 858.) All proceedings had

before the justice as regards these parties were regular up to the 22d day of the month named above, to the hour of 10 o'clock A. M. of which day the examination had, by consent of all parties, been postponed.

At this time the parties arrested appeared before the justice with their counsel, when the complaint was read to them. At this stage of the proceeding the prisoners, by their counsel, objected in writing to any examination of Charles W. Finney, and to any examination of the charge preferred, "because the said court has no jurisdiction of the subject matter of such charge, in this : that it had already been examined by a court of concurrent powers, and, on an examination of this identical charge, an order committing him, said Charles W. Finney, for the crime of manslaughter, was made, and the said order has not been set aside, and has all of its original force."· The magistrate, without entering on the examination, discharged the prisoners.

The application here is for a writ of mandate, to compel the justice of the peace to proceed with the preliminary examination of Charles W. Finney. This writ may be issued by this court to any inferior tribunal or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station.   (C. C. P., § 1085.)

That the duty of a preliminary examination, in the case of a person charged regularly with having committed a public offense, arrested and brought before him, is specially enjoined by law on a justice of the peace, is distinctly set forth in the statute.   (See Penal Code, §§ 858, 859, 860.)   The sections cited are as follows :

" Sec. 858.   When the defendant is brought before the magistrate upon an arrest, either with or without warrant, on a charge of having committed a public offense, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings.

" Sec. 859.   He must also allow the defendant a reasonable time to send for counsel, and postpone the examination for that purpose ; and must, upon the request of the defendant, require a peace-officer to take a message to any counsel in the township

or city the defendant may name. The officer must, without delay, and without fee, perform that duty.

" Sec. 860. If the defendant requires the aid of counsel, the magistrate must, immediately after the appearance of counsel, or if, after waiting a reasonable time therefor, none appears, proceed to examine the case."

Peremptory language is used in all these sections. The mandate is expressed by the word " must." In section 858, " the magistrate must immediately inform him of the charge against him," etc. In section 859, "he must allow the defendant a reasonable time to send for counsel," etc. In 860, " the magistrate must, immediately after the appearance of counsel, or if, after waiting a reasonable time therefor, none appears, proceed to examine the case." The duties of the magistrate are pointed out in clear and distinct terms, and specially enjoined by imperative words. It is difficult to employ language more mandatory in its character. As to the further duties of the magistrate, the same imperative words are used. (§§ 861, 862, *et seq.*)

We are of opinion that the magistrate was commanded by the law to proceed with the examination in the case before us, and that on his failure to do so the writ asked for to compel him is appropriate. The magistrate had nothing to do with what had transpired before any other magistrate. It was not a matter for his consideration—was entirely foreign to his duty in the premises. The discharge of the prisoners was a failure to perform the duty which the law enjoined upon him. The discharge was not ordered after examination, but without it. We find nothing in any of the cases cited on behalf of respondent which militates against the views herein expressed. It is urged that a defendant may be subjected to so many preliminary examinations as to be oppressive to him. No reason occurs to us why such an abuse should occur. Neither observation nor experience furnish any ground or pretext whatever to contemplate the occurrence of any such abuse of procedure.

The writ as prayed for must be granted, and it is so ordered.

MYRICK, J., McKINSTRY, J., MORRISON, C. J., and McKEE, J., concurred.