[Civ. No. 27958. First Dist., Div. One. June 10, 1970.]

ANDREW LOENZE ADAMS, Petitioner, v.
THE SUPERIOR COURT OF
SANTA CLARA COUNTY et al., Respondents;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Virginia Mae Days for Petitioner.

Thomas C. Lynch, Attorney General, Derald E. Granberg and George R. Nock, Deputy Attorneys General, for Respondents and for Real Party in Interest.

## OPINION

**ELKINGTON, J.**—We have issued alternative writs of prohibition and mandate in order to consider the jurisdiction of the superior court to

hear and determine an appeal by the People from a municipal court order suppressing evidence before trial of a misdemeanor case, under Penal Code section 1538.5.

Section 1538.5, subdivision (j), as relevant here, provides:

". . . If the property or evidence seized relates solely to a misdemeanor complaint, and the defendant made a motion for the return of property or the suppression of evidence in the municipal court or justice court prior to trial, both the people and defendant shall have the right to appeal any decision of that court relating to that motion to the superior court of the county in which such inferior court is located, in accordance with the California Rules of Court provisions governing appeals from municipal and justice courts in criminal cases. . . ."

Petitioner points out that the California Rules of Court, rule 181, provides: "Those cases in which an appeal may be taken from a judgment or order of a municipal or other inferior court in a criminal case are set forth in *section 1466 of the Penal Code.*" (Italics added.)

He argues that since Penal Code section 1466[1] does not expressly allow an appeal by the People from a section 1538.5 municipal court order suppressing evidence, such an appeal, by virtue of rule 181, does not lie. It follows, he continues, that in hearing and determining such an appeal the superior court acted without jurisdiction.

We have concluded that the contention is wholly without merit.

It is fundamental that in the interpretation of a statute the intent of the Legislature should be sought, and when found, applied. (Code Civ. Proc., § 1859; *People* v. *Superior Court,* 70 Cal.2d 123, 132 [74 Cal.Rptr. 294, 449 P.2d 230]; *Mercer* v. *Perez,* 68 Cal.2d 104, 112 [65 Cal.Rptr. 315, 436 P.2d 315].) By its 1967 enactment of Penal Code section 1538.5, the Legislature showed an intent, in what we think the clearest possible language, that the People be allowed an appeal from a municipal court order suppressing evidence.

---

[1]Penal Code section 1466, as it relates to appeals by the People, provides:

"An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases:

"1. By the people: (a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy;

(b) From a judgment for the defendant upon the sustaining of a demurrer;

(c) From an order granting a new trial;

(d) From an order arresting judgment;

(e) From any order made after judgment affecting the substantial rights of the people."

We note that section 1538.5 was enacted long after the "People's appeal" provisions of section 1466. Assuming, *arguendo* only, a conflict between those sections, section 1538.5, giving such a right of appeal, must prevail over the earlier statutory provisions. ■ "Where the provisions of one statute irreconcilably conflict with those of another, the later enactment, by implication, repeals any conflicting provisions contained in the earlier." (*People* v. *Kuhn,* 216 Cal.App.2d 695, 701 [31 Cal.Rptr. 253]; and see authorities there cited.)

■ Finally, rule 181 appears to have been promulgated under the authority of Penal Code section 1247k, which, as relevant to the issue before us, provides: "The Judicial Council shall have the power to prescribe by rules for the practice and procedure on appeal, and for the time and manner in which the records on such appeals shall be made up and filed, in all criminal cases in all courts of this State." This section authorizes the Judicial Council to prescribe "rules for the practice and procedure on appeal." It delegates no power to decree the *decisions* from which an appeal may be taken; that function was withheld by the Legislature and was exercised by its later enactment of section 1538.5, subdivision (j).

■ Petitioner urges, in effect, that we review claimed errors of the superior court on the appeal which is the subject of this opinion. This we may not do. The superior court, with minor exceptions here inapplicable (see Rules of Court, rule 62), is the last resort in all municipal court appeals. (See *In re Sterling,* 63 Cal.2d 486, 487 [47 Cal.Rptr. 205, 407 P.2d 5]; *Unemployment etc. Com.* v. *St. Francis etc. Assn.,* 58 Cal.App.2d 271, 274 [137 P.2d 64]; 1 Witkin, Cal. Procedure (1954) Courts, § 117, pp. 247-248.)

The petition for peremptory writs of prohibition and mandate is denied; the alternative writs are discharged.

Molinari, P. J., and Sims, J., concurred.