[Crim. No. 12827. First Dist., Div. One. Sept. 25, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
FLOYD CODY BELKNAP, Defendant and Respondent.

1020

## COUNSEL

D. Lowell Jensen, District Attorney, William A. McKinstry, Deputy District Attorney, Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and W. Eric Collins, Deputy Attorney General, for Plaintiff and Appellant.

Claude O. Allen for Defendant and Respondent.

## OPINION

**SIMS, J.**—This case has been transferred to this court pursuant to rules 62 and 63, California Rules of Court, following certification by the appellate department of the superior court in Alameda County that review of its decision, which affirmed the action of a municipal court in dismissing a felony criminal complaint, was necessary to secure uniformity of decision and to settle an important question of law. The question certified, which was decided adversely to the prosecution by both the magistrate and the appellate department, is whether under the provisions of subdivision (j) of Penal Code section 1538.5[1] a ruling at a preliminary hearing granting the

---

[1]Subdivision (j) of section 1538.5 provides in pertinent part: "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing

defendant's motion to suppress evidence is binding on the People in subsequent proceedings charging the same two offenses, when the defendant was held to answer on one of the two offenses at the preliminary hearing, an information, subsequently dismissed, was filed charging that offense, and the People failed to request within 10 days after the preliminary hearing, a special hearing to relitigate de novo the validity of the search and seizure.[2]

Preliminarily it is determined that there is no right of appeal from the order of a magistrate dismissing a felony complaint, and that therefore neither the appellate department of the superior court nor this court has jurisdiction to entertain the People's purported appeal. Because of the special circumstances of this case, as reviewed below, it is deemed proper to address the merits of the controversy. On that score it is concluded that the People are bound by the order suppressing the evidence relating to the offense charged in the original information, but they are not bound by the order suppressing evidence relative to the offense which was dismissed by the magistrate. The appeal must be dismissed without prejudice, however, to the right of the People to take further action not inconsistent with the views expressed herein.

The settled statement on appeal, with interpolations by this court from the record noted in the margin, sets forth the following facts:

"On April 24, 1972, a criminal complaint was filed against [defendant]

---

is granted, and if the defendant is not held to answer at the preliminary hearing, the people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in any subsequent proceeding. If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return or suppression of the property or evidence at the preliminary hearing is granted, and if the defendant is held to answer at the preliminary hearing, the ruling at the preliminary hearing shall be binding upon the people unless, upon notice to the defendant and the court in which the preliminary hearing was held and upon the filing of an information, the people within 10 days after the preliminary hearing request in the superior court a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing, and the defendant shall be entitled, as a matter of right, to a continuance of the special hearing for a period of time up to 30 days. . . ."

[2]The People have suggested (fn. 3 below) that the question involved here is not the type of evidentiary ruling contemplated by section 1538.5 but merely a failure to authenticate an exhibit. In this case it is unnecessary to determine whether there is a distinction between a ruling excluding proffered evidence for lack of a proper foundation, or a ruling suppressing evidence obtained as a result of search or seizure on the specific grounds set forth in subdivision (a) of section 1538.5. At the hearing before the magistrate on defendant's motion to dismiss the second complaint, the People did not question defendant's assertion that certain exhibits had been suppressed, and the settled statement on appeal recites that designated exhibits were suppressed. The People cannot now question those recitals.

alleging violations of sections 11911 [possession of amphetamine for sale] and 11530 [possession of marijuana] of the Health and Safety Code. A preliminary hearing was held on May 8, 1972, in the Hayward Municipal Court . . . .

"At the conclusion of the preliminary hearing [defendant] was held to answer for violation of Section 11911 of the Health and Safety Code. He was not held to answer for violation of Section 11530 of the Health and Safety Code.

"Certain evidence was suppressed at the preliminary hearing, to wit, exhibits 3-A, 3-B and 4-A. These included a plastic bag (3-A); a plastic bag containing approximately fifteen white pills (3-B); and a baggie containing marijuana (4-A). [3]

"An information was filed by the People in the Superior Court of the State of California, County of Alameda, on May 23, 1972, for violation of Section 11911 of the Health and Safety Code, and [defendant] was duly arraigned on said information in Superior Court and plead not guilty.

[3]At the time of filing their opening brief the People filed a notice of request and motion to take notice of court records. This request and motion was directed to the transcript of the preliminary examination on the original complaint, as referred to above. It was filed in the superior court in connection with the information charging violation of section 11911 of the Health and Safety Code. The record does not indicate whether or not the appellate department ever acted on this request and motion. Nevertheless, this court has permitted augmentation of the record by a copy of that transcript. It appears therefrom that the magistrate admitted into evidence five heart-shaped bags each containing amphetamine pills, contained in a brown paper bag which allegedly had been brought into the premises where he was arrested by the defendant. Exhibits 3-A and 3-B were plastic bags each containing a lesser number of amphetamine pills which were found in a jacket allegedly belonging to the defendant. Exhibit 4-A, a baggie of marijuana, was allegedly found in an anteroom where defendant was held prior to being removed to a cell in the jail.

The People requested the appellate department to take judicial notice of the following passages: "THE COURT: People's motion to withdraw People's No. 2 [firecrackers found in defendant's car] is granted. The motion to suppress regarding People's No. 3, [an evidence envelope], 3-A, and 3-B, and People's No. 4 [an evidence envelope], and 4-A is granted. [¶] In the particular instance of People's No. 4-A, [defendant's attorney], I am going to do this without prejudice, and I am denying the motion for it going into evidence on the basis that there is no initials of the officer on the baggy itself, that he indicated he placed thereon. I am doing it without prejudice because if they find the initial I think they should have a right to reoffer it. [The magistrate held the defendant to answer on the basis of the contents of the brown paper bag, and continued as follows.]

"THE COURT: The 11911 count only. I would assume that with People's No. 4-A not being admitted into evidence [plaintiff's attorney], that you would at this point at least make a motion for dismissal subject, of course, to it being recharged in the event that that deficiency can be corrected or may be even subject to being recharged because I think I am a hundred percent wrong."

"On July 31, 1972, defense counsel, . . . filed a motion to dismiss the information under Section 995 of the Penal Code. On September 11, 1972, . . . said motion was denied. On the same date, the People filed a request for a hearing pursuant to Penal Code Section 1538.5(J), and [the court] denied the motion as it was not made within ten days of the granting of defendant's motion under 1538.5 of the Penal Code in the San Leandro-Hayward Municipal Court.

"In late September, 1972, the People moved the court to dismiss the information against [defendant] and [the] motion was granted on the grounds that the evidence suppressed in the Municipal Court was fatal [*sic* "vital"] to a successful prosecution.[4] On October 6, 1972, the People filed a new complaint against [defendant] in the San Leandro-Hayward Municipal Court charging him with violations of Sections 11911 and 11530 of the Health and Safety Code. These charges are based on the same facts which gave rise to the original complaint issued on April 24, 1972.

"On January 23, 1973, the defendant filed a motion to dismiss criminal proceedings in the San Leandro-Hayward Municipal Court, and on May 18, 1973, the defendant filed an amended motion to dismiss criminal proceedings. The motion was based on two grounds; 1) that the findings of the 1538.5 hearing at the first preliminary hearing are binding on the court which hears the second preliminary hearing based on the new complaint if there is no new evidence and if the defendant is held to answer and if there is no timely appeal by the People pursuant to 1538.5 J of Penal Code; and 2) that the defendant has been denied his right to a speedy trial although he has waived time during the entire course of the original proceedings.

"On June 6, 1973, defendant's motion to dismiss . . . was granted . . . ."

## I

On June 7, 1973, the People filed their notice of appeal from the order dismissing the complaint. The settled statement recites, "Pursuant to rule 184B of the California Rules of Court, the ground for this appeal is that the court exceeded its jurisdiction in dismissing the new complaint." Penal Code section 1466 provides in part as follows: "An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in

---

[4]According to the defendant the prosecution stated, "The People would probably have to move to dismiss the information because without the suppressed evidence it is unlikely we have a case."

the following cases. [¶] 1. By the people: [¶] (a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy; . . ." Nevertheless, it is questionable whether the dismissal of a felony complaint is an order which gives rise to a right to appeal to the appellate department of the superior court. (See *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 668, fn. 5, and dissenting opn. at p. 670 [108 Cal.Rptr. 657, 511 P.2d 609]. Cf. opn. prior to rehg. (1972) 105 Cal.Rptr. 21, 28.)[5]

It is established that no appeal will lie from the order of a magistrate dismissing a felony complaint following the granting of a motion to suppress evidence under the provisions of section 1538.5 of the Penal Code. In *Cash* v. *Superior Court* (1973) 35 Cal.App.3d 226 [110 Cal.Rptr. 612], the court noted, "Giving the superior court appellate jurisdiction over a magistrate's ruling on a suppression motion would promote meaningless appeals. To illustrate, if the appellate department should affirm the magistrate's suppression order the People nonetheless have the statutory right to refile or seek an indictment, thus, in effect, nullifying the decision of the appellate department. On the other hand, if the appellate department reverses the magistrate's order, and the defendant is held to answer, as in the case at bench, he is entitled to renew his motion at a special hearing in the superior court. (Pen. Code, § 1538.5, subd. (i).) If such a motion is made the decision of the appellate department again has effectively been annulled due to the fact that the defendant has a right to litigate the validity

---

[5]The state of the law prior to the decision in *People* v. *Randall* (1973) 35 Cal. App.3d 972 [111 Cal.Rptr. 590] [hg. in S.Ct. den. Feb. 7, 1974] is accurately set forth in that decision as follows: "The People, although they wish us to hear the appeal, concede that the law is not settled and they have very fairly raised the issue and have called our attention to the following cases: *People* v. *Joseph* (1957) 153 Cal. App.2d 548 . . . (which holds that there is no appeal to the Court of Appeal and assumes there is no appeal to this court); *People* v. *Barksdale* (1972) 8 Cal.3d 320 . . . (an appeal heard by the appellate department of a superior court and after certification finally decided by the Supreme Court wherein jurisdiction was assumed and not discussed); *People* v. *Lopez* (1968) 265 Cal.App.2d Supp. 980 . . . (where again jurisdiction was assumed without discussion); and finally *People* v. *Uhlemann* (Cal.) which squarely decided that there is an appeal to the appellate department of the superior court authorized by section 1466 of the Penal Code, but in which case a rehearing was granted. [¶] The first *Uhlemann* decision also referred to Graham and Letwin, *The Preliminary Hearings in Los Angeles: Some Field Findings and Legal-Policy Observations*, 18 U.C.L.A. L.Rev. 636, at page 731, which states that there is no statute authorizing an appeal and criticizes the *Lopez* case for assuming there was a right of appeal; and 1 California Criminal Law Practice (Cont.Ed.Bar 1964), page 237, which assumes without citation of authority that there is such an appeal. [¶] The *Uhlemann* case on rehearing (1973) 9 Cal.3d 662 . . . eliminated the former holding; but it still contains a footnote reference to a possible right of appeal under section 1466 of the Penal Code (9 Cal.3d 662, 668), and the dissenting opinion states that such right of appeal does exist (9 Cal.3d, pp. 666, 670). [¶] Thus, there is at present no holding one way or the other. . . ."

of the search and seizure de novo (an independent weighing of the credibility of witnesses and drawing of inferences) on the basis of evidence presented at the special hearing; neither the parties nor the judge are bound by the prior appellate decision." (35 Cal.App.3d at p. 230, fn. omitted. See also *People* v. *Randall* (1973) 35 Cal.App.3d 972, 976-977 [111 Cal.Rptr. 590] [hg. in S.Ct. den. Feb. 7, 1974].)

In this case in dismissing the second complaint the magistrate observed that to permit the district attorney to dismiss the original information and refile the charges so as to secure a second ruling on the admissibility of the evidence would circumvent the provisions of section 1538.5 which expressly provide for the manner in which such a ruling may be reviewed. (See § 1538.5, subd. (j), fn. 1 above.) It is suggested, therefore, that since the underlying purpose of the appeal is to secure a review of the original evidentiary ruling, the reasoning of *Cash* should apply, the appeal should have been dismissed, and this court should rule accordingly. The People, who raised the point, correctly observe that the issue here on appeal only collaterally involves the prior evidentiary ruling. The fundamental question is the interpretation of the statute. The People in appealing do not seek a review of the magistrate's original order in these proceedings, but merely a determination that it is not binding in a subsequent proceeding under the provisions of subdivision (j) of section 1538.5. Therefore, the rationale of *Cash* v. *Superior Court, supra,* is not controlling.

A more serious impediment to the entertainment of the appeal is the compelling reasoning found in *People* v. *Randall, supra,* that section 1466 of the Penal Code only authorizes an appeal from an inferior court in cases in which the inferior court, as distinguished from a magistrate, has jurisdiction to render a judgment. The court, in adopting the opinion of the appellate department of the superior court of Los Angeles County, pointed out that section 1466 "applies to appeals from any 'inferior court.' 'Inferior court' includes a municipal 'court' but not a municipal *judge* when sitting as a magistrate." (35 Cal.App.3d at p. 974.) The procedure for prosecution by indictment is ordained by section 8 of article I of the California Constitution and the magistrate derives his power under that provision not because of powers vested in inferior courts. The *Randall* opinion quoted from *People* v. *Crespi* (1896) 115 Cal. 50 [46 P. 863] as follows: "Justices of the supreme court, judges of the superior court, justices of the peace and police judges, when sitting as magistrates, have the jurisdiction and powers conferred by law upon magistrates, and not those which pertain to their respective judicial offices. They derive their powers and jurisdiction from the constitution, operating with the acts of the legislature upon the subject." (115 Cal. at p. 54. See also *Wells* v. *Justice Court* (1960) 181

Cal.App.2d 221, 224-226 [5 Cal.Rptr. 204], and cases therein cited.) Predicated on its review of these authorities it concluded, "A magistrate performs functions different from those of any inferior court." (35 Cal. App.3d at p. 975.) Finally, the decision observed that the context in which section 1466 is found indicates that it only applies to appeals from proceedings in inferior courts, which in turn are found to be trials of misdemeanors in municipal courts and justice courts, all as found in title 11 of part 2 of the Penal Code. (*Id.,* pp. 975-976. See also *Adams* v. *Superior Court* (1970) 8 Cal.App.3d 569, 571-572 [87 Cal.Rptr. 667].)

In *People* v. *Randall, supra,* the original appeal, as in this case, was from an order of a magistrate dismissing a felony complaint. Unlike this case, but as in *Cash* v. *Superior Court, supra,* the dismissal reviewed by the appellate department of the superior court was predicated upon the suppression of evidence found to be the product of an illegal search or seizure. In all three cases the appellate department rendered an adjudication on the merits. In *Cash* the court held in collateral proceedings that the appellate department's order purporting to reverse the order suppressing evidence and the dismissal could not breathe new life into the original complaint because it was void for want of jurisdiction. (See 35 Cal.App.3d at p. 228, fn. 1.) The court stated, "The People's remedy is to file another complaint or seek an indictment. (Pen. Code, §§ 999; 1387; 1538.5, subd. (j).)" (*Id.*) In *Randall* the court summarily dismissed the appeal without reference to the merits of the issue of suppression. So here the appeal must be dismissed.

## II

In this case, as distinguished from *Cash* and *Randall* the determination of the proper construction of subdivision (j) of section 1538.5 is not a question which could be overruled in further proceedings on the second complaint, or in proceedings on a third complaint. The remedy of filing a third complaint may be futile. So long as the magistrate adheres to the view that subdivision (j) of section 1538.5 requires adherence to the order made in connection with the first complaint, further filings would prove abortive. (See *Anderson* v. *Superior Court* (1967) 66 Cal.2d 863, 866 [50 Cal.Rptr. 426, 428 P.2d 290].)

It would appear that the proper remedy to review a magistrate's refusal to entertain a felony complaint and to hold a preliminary examination as required by law (see Cal. Const., art. I, § 8; Pen. Code, §§ 859, 859b et seq.), as distinguished from a review of his evidentiary rulings at such an examination, is by writ of mandate. In *People* v. *Barnes* (1885) 66 Cal. 594 [6 P. 698], the court issued such a writ at the behest of the People when

the magistrate erroneously sustained an objection that the defendant had already been charged with an included offense in another hearing. The court concluded, "We are of opinion that the magistrate was commanded by law to proceed with the examination in the case before us, and that on his failure to do so the writ asked for to compel him is appropriate. The magistrate had nothing to do with what had transpired before any other magistrate. It was not a matter for his consideration—was entirely foreign to his duty in the premises. The discharge of the prisoners was a failure to perform the duty which the law enjoined upon him. The discharge was not ordered after examination, but without it." (66 Cal. at p. 596. See also *Robinson* v. *Superior Court* (1950) 35 Cal.2d 379, 383-384 [218 P.2d 10].)

In granting relief with extraordinary writs, the courts have often over-looked the existence of an adequate legal remedy when the parties have not objected to the propriety of the proceedings, the question is an important one which has been fully argued on the merits, and a dismissal would merely lead to further delays. In *People* v. *Superior Court* (1937) 10 Cal.2d 288 [73 P.2d 1221], the court condemned the use of " 'short-cut' " methods, but concluded, ". . . since with the obvious concurrence of all interested parties to the action the matter has been presented to this court, and is now before it for determination, and since the litigation is one in which the public is concerned, the deciding issue will be given consideration." (10 Cal.2d at p. 291. See also *Hennessy* v. *Superior Court* (1924) 194 Cal. 368, 374 [228 P. 862]; and 5 Witkin, Cal. Procedure. (2d ed. 1971) Extraordinary Writs, §§ 43 and 94, pp. 3817 and 3869-3870.)

It has also been recognized that where the existence of a right to appeal was questionable, a writ should not be denied on that ground in the same action in which the right to appeal is definitely established. In *Phelan* v. *Superior Court* (1950) 35 Cal.2d 363 [217 P.2d 951], the court ruled: "In view of the uncertainty which has existed in the law with respect to the appealability of the order in question and also in view of the holdings of this court that an appeal is not adequate in a case of this type, petitioner should not be denied the use of the writ because of his failure to appeal. It would obviously be a hardship upon a litigant who has been misled by such uncertainty in the law if we were to resolve the uncertainty and in the same proceeding deny his petition for a writ on the ground that he in fact did have an adequate remedy by appeal." (35 Cal.2d at pp. 371-372.) In *Robinson* v. *Superior Court, supra,* 35 Cal.2d 379, the court ruled in similar vein, ". . . in view of the uncertainty which has existed heretofore with respect to appealability of orders of this type, we should not refuse to allow the writ to be used to test the issue before us solely because we have now

resolved that uncertainty by holding that petitioners had an adequate remedy by appeal from the order in question." (35 Cal.2d at p. 383.)

However, the converse does not hold true, "An appellate court lacks jurisdiction to consider an appeal from a non-appealable order. [Citations.] The court must of its own motion dismiss such an appeal. [Citations.]" (*Woodman* v. *Ackerman* (1967) 249 Cal.App.2d 644, 646 [57 Cal.Rptr. 687]. See also *People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633].) The fact that all of the parties take the position that the order appealed from is appealable cannot confer jurisdiction. (*Caruso* v. *Snap-Tite, Inc.* (1969) 275 Cal.App.2d 211, 213 [79 Cal.Rptr. 642].) See also 6 Witkin, *op. cit.*, Appeal, § 31, p. 4046.)

There are decisions where in the absence of any objection, appellate courts have reviewed a magistrate's dismissal of a felony complaint. (See *People* v. *Barksdale* (1972) 8 Cal.3d 320 [105 Cal.Rptr. 1, 503 P.2d 257], certification by appellate department of superior court which purported to reverse magistrate's dismissal of complaint after sustaining defendant's demurrer; and *People* v. *Lopez* (1968) 265 Cal.App.2d Supp. 980 [71 Cal.Rptr. 667] [disapproved on merits *People* v. *Gilbert* (1969) 1 Cal.3d 475, 481, fn. 5 (82 Cal.Rptr. 724, 462 P.2d 580)], appeal from magistrate's order dismissing complaint because evidence only showed commission of a misdemeanor.) There are other examples where the courts have reached the merits of the controversy despite the non-appealability of the order. (See 6 Witkin, Appeal, §§ 32 and 225, pp. 4046-4047 and 4214-4215; *People* v. *Valenti, supra*, 49 Cal.2d 199, 203; and *Conaway* v. *Conaway* (1963) 218 Cal.App.2d 427 [32 Cal.Rptr. 890].) In the case last cited the court observed: "Although it is questionable whether the order is appealable, we prefer to consider the question raised on its merits, thus obviating a possible future time-wasting petition for an original writ to test such question." (218 Cal.App.2d at p. 428.)

It is questionable that a mere preference to avoid the issue of whether the order is appealable is sufficient ground to warrant a decision on the merits. Nevertheless, the precedents reviewed above indicate that under the peculiar circumstances of this case the merits of the controversy should be reviewed for the guidance of the parties following the dismissal of the appeal. These circumstances are: At the time the appeal was taken, and, in fact, until this decision, it was not clear that an appeal would not lie to the appellate department of the superior court to review the ruling of a magistrate in dismissing a complaint for a public offense, over which the superior court has original jurisdiction, solely on a question of law; in

fact there were examples where such appeals had, without objection, been maintained; there has been no objection to the exercise of jurisdiction either before the appellate department or before this court; the parties, the appellate department by its certification, and this court by accepting certification, have attested to the importance of the question of law involved; in the absence of any pronouncement in this proceeding, the People, if determined to prosecute, would have to proceed through a third filing or an application for a writ, and relitigate the substantial issue which has been previously reviewed by the magistrate, the appellate department, and this court; and a decision on the proper construction to be given the provisions of subdivision (j) of section 1538.5 will either preclude further litigation if favorable to the defendant-respondent, or illuminate the way to further proceedings, without relitigation of the same issue, if favorable to the People.

### III

Prior to the enactment of section 1538.5 it was well settled that the dismissal of an information did not bar a trial based upon a subsequent accusatory pleading charging the identical offense, and that this rule applied when the dismissal was based upon the magistrate's conclusion that the evidence was illegally obtained. (See *People* v. *One 1960 Cadillac Coupe* (1964) 62 Cal.2d 92, 95 [41 Cal.Rptr. 290, 396 P.2d 706]; *People* v. *Van Eyk* (1961) 56 Cal.2d 471, 477 [15 Cal.Rptr. 150, 364 P.2d 326]; *People* v. *Prewitt* (1959) 52 Cal.2d 330, 340 [341 P.2d 1]; *Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, fn. 272-273 [294 P.2d 23]; and note *People* v. *Uhlemann, supra,* 9 Cal.3d 662, 666, and cases cited.)

Subdivision (j) of section 1538.5 does not change this rule when an accused is not held to answer. It expressly provides that a ruling granting a motion to suppress evidence at a preliminary hearing shall not be binding in any subsequent proceeding if the defendant is not held to answer. (See *People* v. *Randall, supra,* 35 Cal.App.3d 972, 977; and *Cash* v. *Superior Court, supra,* 35 Cal.App.3d 226, 230.)

 On the other hand if the defendant is held to answer, it is clear that in the absence of a request for a special hearing as provided in subdivision (j), the ruling at the preliminary hearing granting the defendant's motion to suppress shall be binding on the People in the proceedings on the information filed pursuant to the holding order. (*Eiseman* v. *Superior Court* (1971) 21 Cal.App.3d 342, 347-348 [98 Cal.Rptr. 342]. See also *People* v. *Carrington* (1974) 40 Cal.App.3d 647, 649-651 [115 Cal.Rptr. 294]; *People* v. *Superior Court [Sandoval]* (1972) 29 Cal.App.3d 135, 139 [105

Cal.Rptr. 268]; and *Gomes* v. *Superior Court* (1969) 272 Cal.App.2d 702, 703 [77 Cal.Rptr. 539].).

In this case, however, the question is whether the statute affects the right of the prosecution to relitigate the question of suppression of the evidence in new proceedings upon a fresh complaint. The People contend that since the first clause of subdivision (j) refers to "any subsequent proceeding" (see fn. 1 above), and the second clause refers to proceedings to be taken "upon the filing of an information," the order is only intended to be binding in the proceedings undertaken on that information. They contend that the normal rule of refiling permits dismissal of that information, and new proceedings in which the admissibility of the evidence may be relitigated. Such a construction not only circumvents the express purpose of section 1538.5, as pointed out by the magistrate, but also conflicts with the provisions of subdivision (d) which reads: "If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence *shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section or Section 1238 or Section 1466 are utilized by the people."* (Italics added.)

It is, therefore, concluded that the magistrate properly dismissed the second complaint insofar as it sought to recharge a violation of section 11911, for which an information had been filed, on evidence which admittedly was no different than that which had been suppressed at the original hearing.

■ On the other hand, the defendant was never held to answer on the charge of violation of section 11530. If that charge had been filed alone, and had been dismissed after the granting of defendant's motion to suppress, the authorities referred to above and the express provisions of the first clause of subdivision (j) permit the filing and prosecution of a second complaint without reference to the earlier ruling. Does the fact that the defendant was held to answer on a related offense, in connection with which the People failed to exercise their rights under subdivision (j), preclude relitigation of the former offense? Since subdivision (j) of section 1538.5 does not expressly so provide, and since it does impose a restriction on the general rule which permits refiling, it should not be extended beyond the construction given it in the foregoing paragraph, that is, prohibiting relitigation of the suppression issue in collateral proceedings involving the same charge. Insofar as defendant seeks to rely upon the finality of the order suppressing evidence which had been entered in proceedings in which he was charged with violation of section 11911, in new proceedings, which charge him with violation of section 11530, he must rely upon principles of res judicata or collateral estoppel, and not the provisions of subdivision (j).

## IV

In *People* v. *Uhlemann, supra,* the court observed, ". . . prior California cases have stated that the doctrines of res judicata or collateral estoppel are inapplicable to orders dismissing criminal proceedings following preliminary hearings. [Citations.]" (9 Cal.3d at pp. 667-668.) A footnote appended, recites: " 'The doctrine of res judicata prevents the relitigation of issues determined by a final judgment in a prior action between the same parties or those in privity with the original parties.' (*In re Crow,* 4 Cal.3d 613, 623, fn. omitted . . . .) The doctrine of collateral estoppel bars relitigation of previously decided issues sought to be raised in a new proceeding on a different cause of action. (*Id.,* p. 622; 1 Witkin, *supra,* § 221 et seq., and cases cited; see *Ashe* v. *Swenson,* 397 U.S. 436, 445 . . . .) In criminal cases, these doctrines have thus far been limited to situations wherein jeopardy has attached at the prior proceeding. As stated in *Crow* (p. 623), 'In criminal cases in which an individual has once been haled before a jury and found innocent, res judicata, including collateral estoppel, rests upon the double jeopardy clause of the Fifth Amendment and prevents a second prosecution for the same conduct or subject matter. (*Ashe* v. *Swenson* (1970) [*supra*] 397 U.S. 436, 445 . . . .' Since a defendant is not placed in jeopardy at the preliminary hearing (*United States* v. *Levy,* 268 U.S. 390, 393 . . . ; *Ex parte Fenton, supra,* 77 Cal. 183, 184 [19 P. 267]; 1 Witkin, *supra,* § 189, p. 182), the Fifth Amendment does not serve as a proper basis for barring further prosecution in this case." (*Id.,* p. 668, fn. 4.)

In the light of the foregoing it is concluded that although the provisions of subdivision (j) of section 1538.5 may preclude relitigating the propriety of the magistrate's suppression order in proceedings on a charge for which the defendant has been held to answer, whether on the information then filed or on a new complaint, the binding effect of the order cannot affect proceedings on collateral charges. Nevertheless, *People* v. *Uhlemann, supra,* recognizes a situation raised by the defendant's unresolved contention that he has been harassed and denied a speedy trial. In *Uhlemann,* the court stated: "We acknowledge the possibility that, in a particular case, repeated prosecutions for the same offense could lead to harassment of the accused, and we have no doubt that the courts retain the inherent power to protect against serious abuses of prosecutorial discretion in this regard. (Cf. *Kellett* v. *Superior Court,* 63 Cal.2d 822 . . . .)" (9 Cal.3d at p. 669. See also *Anderson* v. *Superior Court, supra,* 66 Cal.2d 863, 867.) The defendant is entitled to secure a determination on that issue. From the record it is not even clear that the suppression of, or the ruling excluding, the evidence on the marijuana charge was predicated on the same ground as that which

precluded the use of the evidence deemed necessary for the prosecution of the amphetamine charge. The proof the People may now offer in support of the charge of violation of section 11530 should be viewed in the light of the record of the prior preliminary hearing and the intervening prejudice, if any, to defendant, by the delay between the original failure to hold for that offense and the filing of the new complaint. For reasons set forth in part II above the People cannot be faulted for selecting, without objection from defendant, the course of review which has been abortively followed.

The appeal is dismissed without prejudice, however, to the right of the People to take further action not inconsistent with the views expressed herein

Elkington, J., concurred.

**MOLINARI, P. J.**—I concur in the result reached by the majority because of the context and posture in which this appeal was presented. I would point out, however, that in my opinion the People were not justified in filing the new complaint on October 6, 1972, and that a motion to dismiss the complaint on that basis would have been appropriate.

It is a common practice for district attorneys to dismiss criminal complaints and to file new complaints on the same charges. Although this practice has apparently gone unchallenged on the apparent assumption that the district attorney has the unilateral right to dismiss a criminal complaint without prejudice to the filing of a complaint on the same charges, there is no statutory or decisional authority permitting him to do so.

As early as 1874 the Supreme Court, in *People* v. *Indian Peter,* 48 Cal. 250, 253, held that the cases in which and the proceedings by which a prosecution may be dismissed are designated in the Penal Code which "must be taken to exclude all other cases, or cases not provided for by its terms." That case has never been overruled.

Chapter 8 of title 10 of part 2 of the Penal Code (§§ 1381-1387) provides for the dismissal of criminal actions "for want of prosecution or otherwise." Sections 1381 and 1382 provide for the situations in which a criminal action must be ordered dismissed for lack of prosecution. The only other statute providing for dismissal is section 1385. This section provides: "The court may, either of its own motion or upon the application of the prosecuting attorney, *and in furtherance of justice,* order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." (Italics added.)

Section 1386 provides, significantly, as follows: "The entry of a nolle prosequi is abolished, *and neither the attorney-general nor the district attorney can discontinue or abandon a prosecution for a public offense, except as provided in the last section* [1385]." (Italics added.) Finally, we observe the pertinent provisions of section 1387 which provide: "An order for the dismissal of the action, *made as provided in this chapter,* is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony."[1] (Italics added.)

The thrust of *Indian Peter* is recognized by the author of the article on dismissal of criminal cases in 16 California Jurisprudence, Second Edition, section 63, at page 303, as follows: "Neither the attorney general nor the district attorney can discontinue or abandon a prosecution for the public offense, except by application to the court for a dismissal in furtherance of justice. The entry of a nolle prosequi is abolished."

In the present case the first action was not dismissed upon application of the district attorney in furtherance of justice but was unilaterally dismissed without an order of court indicating that it was dismissed in furtherance of justice or the reasons therefor. Such a dismissal was ineffectual and of no purport whatsoever. The pending action, therefore, is that based on the first complaint and its present posture, in my opinion, is that which existed at the time the purported new complaint was filed.

I think the conclusion is inescapable that once a criminal action has been filed it cannot be dismissed except as provided in the Penal Code provisions above referred to. I perceive that once a criminal action has been instituted its prosecution is not solely the prerogative of the Attorney General or the district attorney as the representative of the People, but that the defendant who has been charged has an equal interest in the resolution of the action. While it may be a truism that a delay in a criminal prosecution works to the benefit of the defendant, it is equally true that a defendant prefers a speedy determination of his guilt or innocence to the prospect of being subjected to a procedure whereby successive complaints upon the same charge may be filed against him before a determination of guilt or innocence is made.

Appellant's petition for a hearing by the Supreme Court was denied November 21, 1974. McComb, J., and Mosk, J., were of the opinion that the petition should be granted.

---

[1]It should be noted that sections 1385, 1386 and 1387 were enacted in 1872 and have, in substance, remained unchanged.