[Crim. No. 28270. Second Dist., Div. Two. Oct. 22, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
WAYNE HOWARD, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Dennis Cohen and Maitland Montgomery, Deputy Public Defenders, for Defendant and Respondent.

OPINION

BEACH, J.—The People appeal, pursuant to Penal Code section 1238, subdivision (a)(7), from an order of the superior court dismissing a pending criminal prosecution pursuant to Penal Code section 1385 after that court granted the defendant's motion to suppress on the ground that the evidence was the product of an unlawful entry to serve a search warrant for failure to comply with Penal Code section 1531.

The facts present a case of first impression. It appears that a search warrant was issued and served, as a result of which various items of evidence were seized upon the basis of which the People filed two complaints against defendant Wayne Howard.

In case No. A-321131 defendant was charged with the commission on October 1, 1975, of one count of receiving stolen property (Pen. Code, § 496) and three counts of possessing forged notes (Pen. Code, § 475). At his preliminary hearing on October 17, 1975, his motion to quash the search warrant was denied and he was held to answer. It was not urged that the officers who executed the search warrant failed to comply with Penal Code section 1531. An information was filed October 31, 1975.

In the meantime, in case No. A-321426 appellant was charged with the commission on October 1, 1975, of three counts of receiving stolen property (Pen. Code, § 496). At his preliminary hearing on October 28, 1975, his motion to quash the search warrant was denied, but his motion to suppress the evidence seized in the search executed pursuant thereto was granted for the failure of the officers who executed the search warrant to comply with Penal Code section 1531. He was not held to answer on the charges.

On November 25, 1975, in case number A-321131 the superior court granted defendant's motion to suppress the evidence seized in the execution of the search warrant upon the ground that the superior court was bound by the ruling of the municipal court in case number A-321426, that the officers who executed the search warrant failed to comply with Penal Code section 1531. At the November 25th hearing it was stipulated that the items referred to in all counts charged in the information were "the subject of the search warrant in case number 321426 in that all items in both cases were the subject of the same search warrant." The defense introduced a certified copy of the municipal court docket sheet in case number A-321426 showing that the case was dismissed and failing to show any refiling or other action therein by the prosecution. Also at the hearing in case number A-321131 defense counsel argued only that the ruling of the municipal court judge in case number A-321426 was controlling. The court agreed with that conclusion on the theory that the situation was "analogous to the principals of Res Judicada [sic] in civil actions . . . ."

After further discussion, the prosecution advised the court that the People would not be able to proceed without the evidence that had been suppressed. The court then granted the defendant's motion to dismiss.

CONTENTION ON APPEAL:

■   Appellant contends that the trial court erred in granting defendant's motion pursuant to Penal Code section 1538.5. We agree.

DISCUSSION:

*The trial court was not bound by the ruling in the other preliminary examination.*

Respondent Howard contends that Penal Code section 1538.5, subdivision (j) and *Eiseman* v. *Superior Court,* 21 Cal.App.3d 342 [98 Cal.Rptr. 342], compelled the trial court to find that the magistrate's ruling had a binding effect. The People contend that subdivision (j) of section 1538.5 provides that the ruling herein is not binding in any subsequent proceeding; that *Eiseman, supra,* does not apply; and that the doctrine of res judicata is not applicable. By following a careful reading of Penal Code section 1538.5, subdivision (j), the People are shown to be correct.

Subdivision (j) of Penal Code section 1538.5 provides in part: "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing is granted, and if the defendant *is not held to answer* at the preliminary hearing, the people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in *any* subsequent proceeding. . . ." (Italics added.)

The People correctly rely on the portion of subdivision (j) set forth above in that the case at bench, case number A-321131, is a "subsequent proceeding" as is described in the section, and that case number A-321426 was "the prior hearing." In case number A-321426, defendant Howard was not held to answer. The fact that he was held to answer in the instant case is not relevant under the statute. Correctly applying subdivision (j) of section 1538.5, the ruling in case number A-321426 is not binding in any subsequent proceeding.

The only other ground argued below is that of "res judicata." Unless subdivision (j) of section 1538.5 so mandates, the ruling at the preliminary hearing is not res judicata or collateral estoppel on the issue of the legality of the search. (See *People* v. *Bracamonte,* 15 Cal.3d 394, 399 [124 Cal.Rptr. 528, 540 P.2d 624]; *People* v. *Belknap,* 41 Cal.App.3d 1019, 1032 [116 Cal.Rptr. 664].)

The order suppressing evidence and the order of dismissal are reversed.

Fleming, Acting P. J., and Compton, J., concurred.

A petition for a rehearing was denied November 9, 1976, and respondent's petition for a hearing by the Supreme Court was denied December 16, 1976.