Filed 8/27/24  P. v. Murphy CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>QUENTIN DAMON MURPHY,<br><br>    Defendant and Appellant. | D083154<br><br><br>(Super. Ct. No. RIF1501653) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Purported appeal from denial of a motion for relief under the California Racial Justice Act (CRJA) (Pen. Code, § 745,[1] subds. (b), (j)), which was filed before the petition for resentencing was filed, is dismissed.

Quentin Damon Murphy, in pro. per.; and Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

---

1    All statutory references are to the Penal Code.

In 2017, a jury convicted Quentin Damon Murphy of one count of aggravated kidnapping (§ 209, subd. (b)(1)), three counts of premeditated attempted murder (§§ 664/187, subd. (a)), stalking (§ 646.9, subd. (a)), and shooting at an inhabited building (§ 246). The jury also found true firearm enhancements under section 12022.53, subdivisions (b), (c), and (d). In 2018, Murphy was sentenced to 16 years four months plus 170 years to life in prison.

Murphy appealed and this court affirmed the conviction but remanded for resentencing in an unpublished opinion. (*People v. Murphy* (Mar. 1, 2019, D074702).)

In 2023, Murphy filed a motion for "relief" under the CRJA (§ 745, subds (b) & (j)). The trial court denied the motion by written order filed October 10, 2023. Murphy filed a notice of appeal from the denial of his "motion."

Murphy also filed a separate petition for resentencing under section 1172.6. The trial court appointed counsel, received briefing, reviewed the record of conviction, and held a hearing. The court determined Murphy was the actual perpetrator of the offenses and that the jury had not been instructed on liability under the felony murder rule, the theory of natural and probable consequences, or on liability as an aider and abettor. The court denied the petition for resentencing without issuing an order to show cause or holding an evidentiary hearing.

Murphy filed a notice of appeal from the order denying resentencing.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel has also addressed the denial of the motion for relief under the CRJA prior to

2

filing the petition in this case. Counsel does not address the merits of the motion but does address whether such motion is appealable.

Dealing first with the CRJA appeal, Murphy seeks to appeal a postjudgment order denying his motion for relief under the CRJA, which was filed October 10, 2023. However, the CRJA did not authorize such a request before January 1, 2024, after which an incarcerated defendant whose judgment was imposed could file a petition for writ of habeas corpus in a court of competent jurisdiction. (§ 745, subd. (b), (j).) Thus, the trial court lacked jurisdiction to consider the motion, and the order denying it is not an appealable order. (See §§ 745, 1473; *People v. Belknap* (1974) 41 Cal.App.3d 1019, 1029.) Accordingly, the portion of the appeal purportedly taken from the denial of the motion for resentencing under the CRJA is dismissed.

Returning to the appeal from the denial of the petition for resentencing, counsel asks the court to exercise its discretion to independently review the record for error.

Murphy was notified of his opportunity to file his own brief on appeal. He has responded with a supplemental brief. Murphy essentially challenges the underlying conviction and does not raise any potentially meritorious issues for reversal of the order denying his petition for resentencing. He denies guilt, challenges the sufficiency of the evidence at trial, and emphasizes many "mitigating facts" about his background.

This appeal is from a postjudgment order dealing with a statutory petition for resentencing. This appeal is not from a review of the underlying conviction outside the terms of section 1172.6. We dealt with the challenges to the underlying conviction in our original appeal. Murphy was the actual perpetrator and was not prosecuted on any of the theories now disapproved in

3

the resentencing statute.  Murphy has not raised any potentially meritorious issues for reversal on appeal.

## DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and asks the court to exercise its discretion to independently review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified three possible issues that were considered in evaluating the potential merits of this appeal.

1.      Whether the denial of the motion for relief under the CRJA is appealable.

2.      Whether the trial court erred by denying relief under the CRJA.

3.      Whether the trial court erred by denying Murphy's petition for resentencing under section 1172.6 without issuing an order to show cause and holding an evidentiary hearing.

We have exercised our discretion to review the record of the resentencing petition for error.  We have not discovered any potentially meritorious issues for reversal on appeal.  Competent counsel has represented Murphy on this appeal.

## DISPOSITION

The order denying the petition for resentencing under section 1172.6 is affirmed. The appeal of the denial of the motion for relief under the CRJA is dismissed.


                                                    HUFFMAN, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.