Filed 12/20/24  P. v. Edwards CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083629 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE392534) |
| TONY RAY EDWARDS, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Dismissed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury convicted Tony Ray Edwards of first degree burglary.  In an earlier appeal, we affirmed the sentence the court imposed.  (*People v.*

*Edwards* (Sept. 13, 2023, D080809) [nonpub. opn.].)  After remittitur issued, Edwards filed a postjudgment motion under the California Racial Justice Act of 2020 seeking (1) an evidentiary hearing on several purported violations of the RJA and (2) related discovery.  (Pen. Code, § 745.)  The trial court denied the motion on its merits after finding, among other things, Edwards did not meet his burden to make a prima facie showing of an RJA violation and was not entitled to the discovery sought.

Although Edwards purports to appeal from the court's order denying his RJA motion for (1) an evidentiary hearing and (2) discovery, neither aspect of the order is appealable.  Accordingly, we resolve this matter by memorandum opinion and dismiss the appeal.  (See generally Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

In 2023, when Edwards filed his motion and the court ruled on it, the RJA applied to cases where judgment was not final or, regardless of when the judgment became final, the defendant (1) was sentenced to death, or (2) filed a section 1473.7 motion related to immigration consequences.  (§ 745, subd. (j)(1)-(2).)  Edwards fits none of those categories.  Because the court lacked jurisdiction to consider Edwards' RJA motion, the order denying it is not appealable.  (See *People v. Belknap* (1974) 41 Cal.App.3d 1019, 1029.)  Similarly, the denial of his postjudgment RJA discovery requests is not appealable.  (*In re Montgomery* (2024) 104 Cal.App.5th 1062, 1072, review granted Dec. 11, 2024, S287339; *People v. Serrano* (2024) 106 Cal.App.5th 276.)  Thus, we must dismiss the appeal.

2

## DISPOSITION

We dismiss the appeal.

CASTILLO, J.

WE CONCUR:


BUCHANAN, Acting P. J.


RUBIN, J.