[Crim. No. 24265. Second Dist., Div. Four. Dec. 12, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
FAYMON RANDALL, Defendant and Respondent.

**COUNSEL**

Joseph P. Busch, District Attorney, Harry B. Sondheim and Barry Richard Levy, Deputy District Attorneys, for Plaintiff and Appellant.

Norman L. Vroman for Defendant and Respondent.

**OPINION**

**THE COURT.**—This appeal was heard and decided in the Appellate Department of the Superior Court of Los Angeles County and was thereafter transferred here on certification, pursuant to rules 61-69, California Rules of Court, to settle an important question of law. Since we believe the opinion of the appellate department correctly decides the issue, we adopt it. That opinion follows verbatim.

This is an appeal by the People from an order of a magistrate dismissing a felony complaint after suppressing the evidence because the magistrate found it to be the product of an illegal search and seizure.

The respondent fully argues the appeal on the merits, but it is not clear whether he concedes that "the People may properly appeal," his brief stating only that "that point is well settled and is entirely unnecessary to discuss."

The People, although they wish us to hear the appeal, concede that the law is not settled and they have very fairly raised the issue and have called our attention to the following cases: *People* v. *Joseph* (1957) 153 Cal. App.2d 548 [314 P.2d 1004] (which holds that there is no appeal to the

Court of Appeal and assumes there is no appeal to this court); *People* v. *Barksdale* (1972) 8 Cal.3d 320 [105 Cal.Rptr. 1, 503 P.2d 257] (an appeal heard by the appellate department of a superior court and after certification finally decided by the Supreme Court wherein jurisdiction was assumed and not discussed); *People* v. *Lopez* (1968) 265 Cal.App.2d Supp. 980 [71 Cal.Rptr. 667] (where again jurisdiction was assumed without discussion); and finally *People* v. *Uhlemann* (Cal.), which squarely decided that there is an appeal to the appellate department of the superior court authorized by section 1466 of the Penal Code, but in which case a rehearing was granted.

The first *Uhlemann* decision also referred to Graham and Letwin, *The Preliminary Hearings in Los Angeles: Some Field Findings and Legal-Policy Observations,* 18 U.C.L.A. L.Rev. 636, at page 731, which states that there is no statute authorizing an appeal and criticizes the *Lopez* case for assuming there was a right of appeal; and 1 California Criminal Law Practice (Cont.Ed.Bar 1964), page 237, which assumes without citation of authority that there is such an appeal.

The *Uhlemann* case on rehearing (1973) 9 Cal.3d 662 [108 Cal.Rptr. 657, 511 P.2d 609] eliminated the former holding; but it still contains a footnote reference to a possible right of appeal under section 1466 of the Penal Code (9 Cal.3d 662, 668), and the dissenting opinion states that such right of appeal does exist (9 Cal.3d pp. 666, 670).

Thus, there is at present no holding one way or the other. ■ It is a matter of importance to this court so we shall set forth the reasons why there is no such appeal.

1. *The letter of the law.*

Section 1466 of the Penal Code reads in part as follows: "An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases. 1. By the people: (a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy; . . . ." It applies to appeals from any "inferior court." "Inferior court" includes a municipal "court" but not a municipal *judge* when sitting as a magistrate.

Section 808 of the Penal Code provides that magistrates may be judges of the Supreme Court, Courts of Appeal, superior courts, municipal courts and justice courts. If, when a municipal judge is sitting, it becomes a mu-

nicipal court, by the same process of reasoning when a Justice of the Supreme Court sits it becomes a Supreme Court. In the latter situation, at least, section 1466 of the Penal Code would be inapplicable.

The problem is much more fundamental than that. A judge does not take his court with him when he sits as a magistrate. One of the earliest cases to pass upon this matter was *People* v. *Crespi* (1896) 115 Cal. 50 [46 P. 863], which states at page 54: "Justices of the supreme court, judges of the superior court, justices of the peace and police judges, when sitting as magistrates, have the jurisdiction and powers conferred by law upon magistrates, and not those which pertain to their respective judicial offices. They derive their powers and jurisdiction from the constitution, operating with the acts of the Legislature upon the subject." (The constitutional provision, which was quoted in part at pages 53-54, was article I, section 8. The part quoted is still the first sentence of the section.)

A magistrate performs functions different from those of any inferior court. As stated in *Wells* v. *Justice Court* (1960) 181 Cal.App.2d 221, at pages 224-225 [5 Cal.Rptr. 204]: "Equally it must be said that these preliminary proceedings do not invoke the jurisdiction of an inferior court. The action taken by a judge of an inferior court who has issued the order for arrest or before whom an arrested person is brought after an arrest without a warrant, is not action by a judge of any court. It is action by a magistrate as incumbent of a distinct and statutory office. (*People* v. *Cohen*, 118 Cal. 74, 78 [50 P. 20]; *People* v. *Brite*, 9 Cal.2d 666, 685 [72 P.2d 122]; *People* v. *Storke*, 39 Cal.App. 633, 636 [179 P. 527]; *People* v. *Velarde*, 59 Cal. 457.) Once an arrest has been made for an offense within the jurisdiction of the superior court and the arrested person has been brought before a magistrate, it is the duty of that officer to examine into the facts and either discharge the arrested person or hold him to answer to the superior court; and if he is held and an information is filed thereafter it is based upon the proceedings before the magistrate and upon the commitment made by that officer. By the making of the complaint to the magistrate, which may be made by any one claiming to have the necessary information, no trial jurisdiction of any court is invoked." There are other cases to the same effect.

Since section 1466 of the Penal Code is not written for the guidance of laymen but for lawyers and judges, we should assume that the Legislature used the words "inferior court" in their correct legal sense.

2. *The context of section 1466 of the Penal Code.*

Title 11 of part 2 of the Penal Code is entitled "Proceedings in Inferior Courts and Appeals from Such Courts." Chapter 1 thereof is entitled "Pro-

ceedings in Inferior Courts" and deals exclusively with trials of misdemeanors in municipal courts and justice courts. It covers no felonies whatsoever. Section 1462 defines municipal court "jurisdiction" and limits it to misdemeanors. Thus, preliminary hearings in felony matters are outside the jurisdiction of the "court" although within the jurisdiction of the *judge* when sitting as a magistrate. Chapter 2 of part 2, title 11, is entitled "Appeals from Inferior Courts." It includes section 1466 of the Penal Code.

The context clearly indicates that the "inferior courts" of chapter 2 are the same as the "inferior courts" of chapter 1. Magistrates are not included therein; felonies are not included therein. Assuming that a magistrate may be an inferior court within the meaning of some dictionary definition, it is not a part of the system of "inferior courts" embraced within title 11 of the Penal Code.

### 3. *The effect of such appeals.*

Appeals from orders of dismissal before trial under section 1466 of the Penal Code have worked very well in misdemeanor cases and are frequently used. When a dismissal is affirmed, it promptly and finally disposes of the case. (There is no refiling in misdemeanor cases. Pen. Code, § 1387.) When a dismissal is reversed, it is the law of the case and acts as a guide to the trial court and may expedite pleas and trials.

The situation is different in felony cases. For example, if we accepted jurisdiction in the present case and affirmed the dismissal after deciding the evidence was improperly seized, are the People bound by that decision? Penal Code section 1538.5, subdivision (j), provides that if a defendant's motion for suppression is granted at the preliminary hearing and the defendant is not held to answer, the People may file a new complaint or seek an indictment and "the ruling at the prior hearing shall not be binding in any subsequent proceeding." Another portion of the statute provides, however, that "If the people prosecute review by appeal or writ to decision, or any review thereof, in a felony or misdemeanor case, it shall be binding upon them."[1]

On the other hand, if we entertained the appeal and reversed the dismissal, deciding the evidence was properly seized, who is bound by that

[1] If, as contended by the People, the present appeal lies, the People would have alternative remedies by virtue of the statutory provision for refiling or seeking an indictment and the rule reiterated in *People v. Uhlemann, supra,* 9 Cal.3d 662. Would they be required to elect between remedies, and, if so, what would constitute an election? (Cf. Pen. Code, § 1238, subd. (b).)

decision? The magistrate presumably would be but the defendant would not since section 1538.5, subdivision (i) provides the defendant "shall have the right to *renew* . . . the motion in the superior court at a special hearing relating to the validity of the search or seizure" at which "defendant shall have the right to litigate the validity of a search or seizure de novo on the basis of the evidence presented at a special hearing." (Italics added.) Thus, if dismissal at the preliminary hearing is appealable to this court, a decision in favor of the defendant might be binding on the People but a decision in favor of the People would not be binding on the defendant. In the latter situation, at least, our decision would be an advisory opinion only. Even as advice it would come from the wrong court.

It appears that section 1538.5 evidences a legislative judgment that determinations by magistrates at preliminary hearings regarding the validity of searches and seizures should not be reviewed *directly* by appeal and that search or seizure rulings concerning felony offenses should not be reviewable by the appellate department of the superior court. If the magistrate's ruling is adverse to the People and the defendant is not held to answer, the People may refile or seek an indictment and not be bound by the prior adverse ruling (cf. *People* v. *Uhlemann, supra,* 9 Cal.3d 662); or if the defendant is held to answer, the People may avoid being bound by that ruling by requesting a special hearing in the superior court, in which case the validity of the search or seizure shall be relitigated de novo in that court. If the magistrate's ruling is adverse to the defendant, he may renew the motion in the superior court wherein he has a right to litigate the validity of the search and seizure de novo. Review of the *superior court's* decision at the special hearing is available to either party by way of writ of mandate or prohibition.[2]

There is no provision in the law for direct appellate review of a magistrate's ruling at a preliminary hearing denying a defendant's motion to suppress evidence, and we conclude there is also no provision in the law for such review of a magistrate's ruling granting a defendant's motion to suppress.

The appeal is dismissed.

Appellant's petition for a hearing by the Supreme Court was denied February 7, 1974.

---

[2]If the superior court grants the defendant's motion at a special hearing and dismisses a case on its own motion pursuant to section 1385, the order of dismissal is appealable by the People. (Pen. Code, § 1238, subds. (a)(8) and (c).) Section 1466 governing appeals to the superior court does not contain a similar provision.