Bruce G. Dean, J.
By notice of motion, returnable before this court on November 3, 1975, defendant has moved to dismiss the indictment herein as defective, pursuant to GPL 210.25. In his supporting affidavit, Dirk A. Galbraith, Esq. refers to the indictment charging defendant with one count of grand larceny in the third degree, with the specification of theft of cash and merchandise of value exceeding $250 between April, 1975 and July, 1975, from 14 enumerated businesses in Tompkins County. Defendant refers to his personal examination of photostatic copies of checks in the office of the District Attorney, which were allegedly used to facilitate the larceny charged.
The statement of fact of the People indicates that defendant opened an account at the First National Bank of Waterloo, New York, by depositing $5. Defendant then proceeded to *663 issue checks at the various business establishments in Tompkins County as enumerated in the indictment, obtaining property which would aggregate more than $250, alleged as a felony as a single scheme or plan of defendant.
Defendant asserts that, even if true, defendant should be charged with a series of petit larcenies in that there is no proof of a common scheme or plan; that the recognized case authorities in New York, People v Cox (286 NY 137) and People v Daghita (276 App Div 20, mod 301 NY 223, rearg den 301 NY 744), require that the property be stolen from the same owner to constitute larceny under a common scheme or plan.
The court does not accept this limitation of single ownership. For example, in People v Hall (186 Misc 62), the indictment charged grand larceny, in the theft of two musical instruments, committed at the same time and place. Defendant claimed indictment was void as a matter of law because it alleged two petit larcenies. It was held that although part of the property was owned by one person and part by another, this fact did not constitute them separate offenses.
It is the opinion of the court that theft from the same owner is only one of the factors to be considered on the issue of whether thefts were the consequence of a common scheme or plan, and that the general language in People v Cox, such as at page 142, that a single intent and one complete illegal scheme are the basic factors to be considered: "As long as the larceny is held to be pursuant to a single intent, and one complete, illegal scheme, it matters not the length of the period over which the taking continued * * * for it is only those stealings which are prompted by a single intent and pursuant to a single plan which may be accumulated and prosecuted as one larceny.”
As was stated by the Appellate Division in People v Daghita (276 App Div 20, 22, supra) the test in People v Cox cannot be stated for all cases, and whether a series of acts constitute takings, each the result of a separate, independent impulse, as distinguished from successive takings pursuant to a single, sustained criminal impulse and in execution of a general fraudulent scheme, are issues of fact for the jury to determine after a proper charge, and in the usual case the determination of such question should be left to the jury. As the Appellate Division said in the Daghita case (p 22): "What is 'separate’, what is 'single’, what is 'sustained’, what is 'independent’, are *664 all jury questions both by legal tradition and necessity. No judge could apply these definitions rigidly as a matter of law”.
Evidence of other crimes is admissible where it tends to establish a common plan, design or scheme embracing a series of crimes, including the crime charged, so related to each other that proof of one tends to prove the other. An example of this would be admissibility to show absence of accident or mistake. In People v Schwartzman (24 NY2d 241, cert den 396 US 846) an issue involved defendant, in three instances, mortgaging a 1962 Cadillac, which he did not own. These are basically considered under the rule in People v Molineux (168 NY 264).
Accordingly, the motion is denied.