Opinion
COLE, P. J.
We hold here that this court has no jurisdiction to entertain an appeal from an order of a magistrate purporting to grant diversion (Pen. Code, §§ 1000-1000.5) to a defendant accused of committing a felony.
A felony complaint alleged that respondent unlawfully planted and cultivated marijuana in violation of Health and Safety Code section 11358, subdivision (a). When the matter was called, apparently for arraignment prior to preliminary hearing, the magistrate referred defendant to the probation office for possible diversion and continued the hearing. The record does not indicate that a prosecuting attorney was present at that time.
At the continued date, the People were represented by a deputy attorney general, the district attorney’s office having disqualified itself for reasons not here relevant. The deputy attorney general argued that the quantity of marijuana involved was such as to preclude diversion; the magistrate rejected the argument and granted diversion for a period of two years.
The People thereafter appealed, arguing that it was an abuse of discretion to grant diversion over the prosecution’s objection, in view of an offer of proof that the quantity of marijuana seized from respondent was greater than the amount necessaiy for his personal use.
Respondent has replied with a motion to dismiss the appeal, arguing that the appeal is not authorized by statute and that this court has no *Supp. 4 appellate jurisdiction to hear an appeal from a magistrate’s order granting diversion. We believe the latter argument to be well founded and hence grant the motion to dismiss the appeal.

Appealability of Order Granting Diversion

 We need not tarry over respondent’s argument that the appeal is not authorized by statute. While it is clear to us that Penal Code section 1466 (dealing with instances in which an appeal may be taken from a judgment or order of an inferior court in a criminal case to the superior court) does not give to the People a right to appeal an order granting diversion,[1] we are bound by the decision of the Court of Appeal in People v. Wright (1975) 47 Cal.App.3d 490 [120 Cal.Rptr. 899]. The Wright case involved the People’s appeal from an order of the superior court diverting a defendant. The Wright court stated that an order granting diversion is analogous to the final judgment in a special proceeding and therefore was an appealable order (47 Cal.App.3d, at pp. 492-493). We note that the provisions of the Penal Code giving the People a right to appeal from superior court orders in criminal trials (Pen. Code, §§ 1235 and 1238) likewise do not authorize an appeal and the Wright court did not refer to those sections. The Wright court’s reliance was by way of analogy to rules governing civil appeals—from final judgments (Code Civ. Proc., § 904.1).
Whether this is correct or not we must follow the ruling. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

Jurisdiction of Appellate Department

We agree with the well stated argument of respondent that we have no appellate jurisdiction over this order. The following reasoning *Supp. 5 which we adopt is taken from the brief filed by respondent in support of the motion to dismiss.
“ ‘Superior courts have appellate jurisdiction in causes prescribed by statute that arise in municipal and justice courts in their counties.’ (Cal. Const., art. VI, § 11.) ‘[T]he appellate jurisdiction of the superior court is wholly statutory, and no judgment or order of an inferior court is appealable thereto unless expressly so declared.’ (Cash v. Superior Court (1973) 35 Cal.App.3d 226, 229 [110 Cal.Rptr. 612].)
“Section 1466 of the Penal Code sets forth which cases may be taken to the superior court for appellate review. ‘An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases. 1. By the people: (a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy
“An ‘inferior court’ would be either a justice court or a municipal court, such as the Compton Municipal Court. The term municipal ‘court,’ however, does not include a municipal court ‘judge’ when he is sitting as a magistrate. (People v. Randall (1973) 35 Cal.App.3d 972, 974 [111 Cal.Rptr. 590].)
“Respondent is charged in a felony complaint with cultivation of marijuana. ‘Felonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information’ (Cal. Const., art. I, § 14.) ‘A person charged with a felony by complaint . . . shall be taken without unnecessary delay before a magistrate ... [of a court in the county where the felony is triable].’ (Id; see also Pen. Code, § 859.) ‘A magistrate is purely a creature of statute, the holder of a statutory office separate and distinct from the elective office of judge.’ (Koski v. James (1975) 47 Cal.App.3d 349, 354 [120 Cal.Rptr. 754].) ‘When a judge of a particular judicial district acts in the capacity of a magistrate, he does not do so as a judge of a particular court but rather as one who derives his powers from the provisions of Penal Code, section 807 and 808. [Citations omitted.] By initiating proceedings before magistrates, no trial jurisdiction of any court is invoked.’ (People v. Superior Court (Scofield) (1967) 249 Cal.App.2d 727, 735 [57 Cal.Rptr. 818].)
*Supp. 6 “Section 808 of the Penal Code provides that justices of the Supreme Court and Court of Appeal, together with judges of the superior, municipal and justice courts, may sit as magistrates. But ‘A judge does not take his court with him when he sits as a magistrate.’ (People v. Randall, supra, 35 Cal.App.3d at p. 975.) If the contrary were true then orders of a Supreme Court justice, who happened to sit as a magistrate, would become orders of the Supreme Court!
“The fact that the diversion order which is the subject of the instant appeal was issued by Judge Garrott of the Municipal Court of the Compton Judicial District does not ipso facto- make it an order from that court. ‘A magistrate performs functions different from those of any inferior court.’ (Ibid.) Wells v. Justice Court (1960) 181 Cal.App.2d 221, at pp. 224-225 [5 Cal.Rptr. 204], clearly established the distinction between the two different roles played by the same judicial officer: ‘Equally it must be said that these preliminary proceedings do not invoke the jurisdiction of an inferior court. The action taken by a judge of an inferior court who has issued the order for arrest or before whom an arrested person is brought after an arrest without a warrant, is not action by a judge of any court. It is action by a magistrate as incumbent of a distinct and statutory office. [Citations.] ... By the making of the complaint to the magistrate,... no trial jurisdiction of any court is invoked.’
“Penal Code section 1462 defines the jurisdiction of the municipal courts and limits it to misdemeanors only. The preliminary proceedings in felony matters held in a municipal court are beyond the jurisdiction of the court even though they are within the jurisdiction of the judge when sitting as a magistrate. Appeals to the superior court under Penal Code section 1466 can only come from proceedings on misdemeanors in the municipal and justice courts. (People v. Randall, supra, 35 Cal.App.3d at pp. 975-976.) Accordingly, this court has no appellate jurisdiction to review the orders of a magistrate in a felony action. The appeal must therefore be dismissed.”
While the foregoing argument, taken as noted from the respondent’s brief, settles the matter, we must answer a contention made by the People at oral argument. The People urge that since the diversion statutes were enacted after Penal Code section 1466, they must be deemed to have amended the latter statute with respect to appealability. We find no merit in the argument. In the first place, the order of diversion did not itself terminate the felony which was before Judge Garrott in his capacity as a magistrate. If the respondent does not perform satisfactorily on diversion, *Supp. 7 does not benefit from the program or is convicted while on diversion of certain other offenses, the court is free to resume criminal proceedings. (Pen. Code, § 1000.3.) Thus, the felony remains.
In the second place, the fact that the Legislature has not provided the People with an appeal may be taken simply as a reflection of the fact that “The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases. . . . The restriction on the People’s right to appeal is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on a review of trial court determinations in criminal trials. ... ¶ To permit the People to resort to an extraordinary writ to review where there is no right to appeal would be to give the People the very appeal which the Legislature has denied to them. . . .” (People v. Superior Court (Howard) (1968) 69 Cal.2d 491, 497-498 [72 Cal.Rptr. 330, 446 P.2d 138], People v. Drake (1977) 19 Cal.3d 749 [139 Cal.Rptr. 720, 566 P.2d 622]. See People v. Superior Court (Levy) (1976) 18 Cal.3d 248, 251 [133 Cal.Rptr. 624, 555 P.2d 633].)
So, to permit the People to appeal the magistrate’s order on the ground that the diversion statutes impliedly amend Penal Code sections 1466 and 1238 would also be to give to the People an appeal which section 1238 does not give to them. In this respect, the language of section 1235 should be emphasized. “Either party to a criminal action within the original trial jurisdiction of a superior court may appeal from that court on questions of law alone, as prescribed in this title. . . .” The diversion statutes appear in a different title of the Penal Code (tit. 6 of pt. 2) than do the appeal statutes (tit. 9 of pt. 2). Clearly, the order here challenged was made in a. felony prosecution which is “a criminal action within the original trial jurisdiction of a superior court.” The appellate department of the superior court lacks jurisdiction to entertain this appeal.
The appeal is dismissed.
Pacht, 1, and Ibáñez, 1, concurred.

In applicable part, section 1466 reads as follows:
“An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases.
“1. By the people:
“(a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy;
“(b) From a judgment for the defendant upon the sustaining of a demurrer;
“(c) From an order granting a new trial;
“(d) From an order arresting judgment;
“(e) From any order made after judgment affecting the substantial rights of the people.”