Opinion
ERTOLA, P. J.
Over a period of approximately 10 months in 1976 and 1977, brochures offering a “3-day-holiday-for-two-people ‘on the house’” and including numerous other benefits were mailed to thousands of California residents by defendant/respondent Columbia Research Corporation. This holiday package was offered for the price of $15.95. Many people responded to the brochure by mailing defendant checks for $15.95 which were subsequently cashed. Some of those payments are the basis for the grand theft charge in count 1 of the complaint at issue here. In March 1977, Columbia Research Corporation was charged by complaint with one count of grand theft, numerous counts of violations of a 1975 San Francisco Superior Court injunction and false advertising by the District Attorney of the City and County of San Francisco.[1]
*Supp. 37 The grand theft count is based on the fraudulent taking of small amounts of money from different victims pursuant to identical mass mail solicitations. No single victim had a loss in excess of $200.
Prior to the preliminary hearing, defendant demurred to count 1 of the complaint[2] on the grounds that a series of petty thefts from numerous persons cannot be cumulated to constitute one count of grand theft. Defendant additionally moved to strike those portions of the complaint listing victims residing outside of the City and County of San Francisco based on lack of jurisdiction. The magistrate sustained the demurrer without leave to amend and granted the defendant’s motion to strike. The People appeal from the subsequent judgment of dismissal.
Following a tentative decision on the merits of the issues presented, this court, on its own motion, raised the question of whether a judgment of dismissal from an order sustaining a demurrer without leave to amend by a municipal court judge sitting as a magistrate is appealable. A rehearing was ordered solely on this issue.
I.
Several Court of Appeal cases have held that there is no appeal to the superior court appellate department from an order of a magistrate dismissing a felony complaint after suppression of evidence upon which the complaint is based. (People v. Belknap (1974) 41 Cal.App.3d 1019 [116 Cal.Rptr. 664]; People v. Randall (1973) 35 Cal.App.3d 972 [111 Cal.Rptr. 590].) The People’s remedy in that situation is to refile the complaint based on admissible evidence.
Because we are concerned here with a demurrer, this appeal is not identical to the cases cited above; however, the rationale of those cases is analagous. Penal Code section 1466 is the sole basis for appeal to an appellate department in criminal cases. It provides, in part, as follows: “An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases. 1. By the People. *Supp. 38 (a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy. ...” (Italics added.)
Belknap and Randall hold that a municipal court judge sitting as a magistrate is not an inferior court within the meaning of Penal Code section 1466; and, therefore, the appellate department was without jurisdiction to hear those appeals.[3]
We believe the rationale of Belknap and Randall is controlling; accordingly, this court dismisses the People’s appeal herein. In the course of researching the appealability of a demurrer to a felony complaint made in the municipal court, the question of the power of a magistrate to rule on such a demurrer was raised.
II
Penal Code section 808 designates judges of the justice, municipal and superior courts, Court of Appeal and Supreme Court as magistrates. A judge who sits as a magistrate does not carry the power of his court or his judicial office with him. His duties are those defined solely by the statutes governing the office of magistrate. (People v. Crespi (1896) 115 Cal. 50 [46 P. 863]; People v. Hawkins (1978) 85 Cal.App.3d 960 [149 Cal.Rptr. 855]; People v. Randall (1973) 35 Cal.App.3d 972, 975 [111 Cal.Rptr. 590].)
Penal Code section 807 defines a magistrate as “an officer having power to issue a warrant for the arrest of a person charged with a public offense.” A magistrate has the additional function, limited by statute, of determining whether there is sufficient or probable cause to hold an accused for trial. (People v. Uhlemann (1973) 9 Cal.3d 662, 667 [108 Cal.Rptr. 657, 511 P.2d 609]; Pen. Code, §§ 871, 872.)
Although the very limited authority of a magistrate to act is clearly established, the issue of demurrers to felony complaints raises an unsettled conflict. A criminal defendant has the right to demur “either at the time of arraignment or at such other time as may be allowed . .. *Supp. 39 for that purpose.” (Pen. Code, § 1003.) The current practice in the City and County of San Francisco is for municipal court judges to hear demurrers prior to the preliminary hearing. At that state of the proceedings, the municipal court judge does not have any of the powers of his court; he is merely acting as a magistrate. A municipal court’s jurisdiction is limited by statute to misdemeanors. (Pen. Code, § 1462.) It has no jurisdiction to take any action with respect to a felony matter. No court’s jurisdiction is invoked until a magistrate, at a preliminary hearing, has determined that sufficient evidence exists to hold the accused over for trial. (Wells v. Justice Court (1960) 181 Cal.App.2d 221, 224 [5 Cal.Rptr. 204]; Koski v. James (1975) 47 Cal.App.3d 349, 355 [120 Cal.Rptr. 754]; Stanley v. Justice Court (1976) 55 Cal.App.3d 244, 248 [127 Cal.Rptr. 532].) This results in the anomalous situation of a defendant having the right to demur as early as the arraignment but the municipal court judge sitting as a magistrate not having the authority to hear the demurrer.
The present practice is contrary to statutory and case law; however, . the Penal Code does not supply an alternative procedure. This court has decided that the best solution would be for a municipal court judge, when confronted with a demurrer to a felony complaint, to refer it to the superior court master calendar judge for assignment to a superior court department.
Although Wells v. Justice Court, supra, and cases following it, held that no court, either municipal or superior, has jurisdiction until after the preliminary hearing, it would be contrary to Penal Code section 1003 and notions of fairness to require an accused to endure the effort, time and expense of a preliminary hearing before the accused could challenge the legal sufficiency of the complaint against him.
We hold that the order sustaining the demurrer without leave to amend was in excess of the magistrate’s jurisdiction and, therefore, void. On this ground, the case should be remanded to the magistrate for proceeding consistent with our decision.
III
In the event the Court of Appeal decides a municipal court judge, sitting as magistrate or within his or her own authority, has the jurisdiction to rule on a demurrer to a felony complaint, and, therefore, this *Supp. 40 appeal should not have been dismissed, we reverse the orders sustaining the demurrer without leave to amend, granting the motion to strike and dismissing count 1 of the complaint on the substantive merits of the appeal. In so holding, a second important and unsettled question of law has arisen.
A.
It is well settled in California law that in certain instances a series of petty thefts may be cumulated to constitute one charge of grand theft. The general rule is stated in People v. Bailey (1961) 55 Cal.2d 514, 519 [11 Cal.Rptr. 543, 360 P.2d 39]: “The test applied in these cases in determining if there were separate offenses or one offense is whether the evidence discloses one general intent or separate and distinct intents. The same rule has been followed in larcency and embezzlement cases [as in false pretenses cases], and it has been held that where a number of takings each less than $200 but aggregating more than that sum, are all motivated by one intention, one general impulse, and one plan, the offense is grand theft....”
This rule has traditionally been applied, however, where the series of thefts are from the same person. (People v. Richardson (1978) 83 Cal.App.3d 853 [148 Cal.Rptr. 120]; Dawson v. Superior Court (1956) 138 Cal.App.2d 685 [292 P.2d 574]; People v. Howes (1950) 99 Cal.App.2d 808 [222 P.2d 969].)
When a crime arising out of the same transaction is one against the property interests of several persons, rather than one of violence, only a single punishment is permissible as opposed to successive punishments for each theft. (People v. Bauer (1969) 1 Cal.3d 368, 378 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398].)
The question posed by this appeal, whether a prosecutor may cumulate petty thefts from numerous victims to charge one grand theft, appears to be one of first impression in California. By combining the principles of Bailey and Bauer, we have decided that a series of thefts of amounts less than $200 from more than one victim can be cumulated to charge grand theft if the allegations support the theory that the series of thefts were accomplished as a result of one scheme or plan to defraud the victims and a single intent to act.
*Supp. 41 Although there is no California precedent to guide this court, a New York trial court has recently addressed this issue. In People v. Rohey (1976) 84 Misc.2d 662 [378 N.Y.S.2d 584] (Tompkins County Ct.), the court denied a motion to dismiss an indictment charging the defendant with grand larceny based on the passing of 14 bad checks to 14 different businesses over a 4-month period. The court rejected the defendant’s claim that one single victim was required and held that theft from the same owner is only one of the factors to be considered on the issue of whether the thefts were committed pursuant to a common fraudulent scheme and with a single intent.
. We find the approach taken by the New York court to be a sound one and hold that the number of victims involved is only one factor to be considered in determining whether there is one intention, one general impulse, and one plan to commit a theft. The basic factors to consider are a single intent and one complete, illegal scheme. A felony complaint which alleged that a series of thefts were accomplished by the mailing of fraudulent representations to thousands of California residents, which would be the illegal scheme, and that the scheme or plan was pursuant to a single intent would withstand a general demurrer. The People’s amended complaint, as presently alleged, does not allege sufficient facts to support the cumulative effect theory discussed above. The demurrer is sustained with leave to amend in order to give the People the opportunity to amend the complaint to conform to this opinion.
B.
The second substantive issue raised by this appeal concerns the granting of the motion to strike the claims of victims residing in other counties based on lack of jurisdiction in the City and County of San Francisco.
We hold that jurisdiction in the City and County of San Francisco is proper under Penal Code section 781 which states: “When a public offense is committed in part in one jurisdictional territory and in part in another, or the acts or effects thereof constituting or requisite to the consumation of the offense .occur in two or more jurisdictional territories, the jurisdiction of such offense is in any competent court within either jurisdictional territory.”
If the People’s theory concerning the cumulation of petty thefts is correct, some acts which were part of the single scheme to defraud resi *Supp. 42 dents of various counties in California occurred in the City and County of. San Francisco. Section 781, therefore, applies to this crime as alleged. It should be noted that “[s]ection 781 is a remedial statute intended to broaden criminal jurisdiction beyond the rigid limits fixed by the common law in cases of crimes committed in more than one jurisdiction. [Citation omitted.] Being a remedial statute, it has been ‘liberally construed.’” (People v. Williams (1973) 36 Cal.App.3d 262, 268 [111 Cal.Rptr. 378]. Accord, People v. Bradford (1976) 17 Cal.3d 8, 15 [130 Cal.Rptr. 129, 549 P.2d 1225].)
The orders sustaining the demurrer without leave to amend, granting the motion to strike, and dismissing count 1, are therefore reversed and the matter is remanded for further action in accordance with this opinion.
Lynch, J., and Shaw, J., concurred.

It would appear to the court that these offenses should be charged and prosecuted by a branch of the United States government, such as the United States Postal Service. There is nothing in the record to indicate why no such action was taken, and the reason for this inaction is not our concern here. In any event, the local prosecutor is under no disability to proceed.

Count 1: “Violating Section 487 of the California Penal Code, in that said defendants did knowingly and designedly by false pretenses and fraudulent representations steal, take, and defraud ... (list of victims and their county of residence follows) ... of personal property, to wit: United States currency having a reasonable and fair market value in excess of $200.”

Although an appeal from an order of dismissal by a magistrate after sustaining a demurrer to a felony complaint was heard by the California Supreme Court in People v. Barksdale (1972) 8 Cal.3d 320 [105 Cal.Rptr. 1, 503 P.2d 257], the procedural issue was not decided in that opinion and was overlooked, perhaps, because of the important social implications of that particular case.