Opinion
CHAPMAN, J.
The People of the State of California appeal from an order of the Municipal Court for the Santa Clara Judicial District of Santa Clara County dismissing a felony complaint against the respondent, Alonzo Cham-blis, pursuant to Penal Code section 1385.
Before the appeal can be decided on its merits, the court must determine a threshold question of jurisdiction, i.e., is the appellant pursuing the correct remedy?
A casual reading of Penal Code section 1466 might suggest that an appeal might be taken from an order of the municipal court dismissing a felony complaint pursuant to Penal Code section 1385. Section 1466 provides in part: “An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases, (a) By the people. (1) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy. . . .” (Italics added.)
However, it is well settled that when a municipal court judge processes a felony complaint he does not sit as a court but as a magistrate. “The words ‘inferior court’ or ‘inferior courts’ include municipal courts, justice courts, city courts, police courts, police judge’s courts, and all courts other than superior courts, having jurisdiction to try misdemeanor charges. ” (People v. Peters (1978) 21 Cal.3d 749, 752 [147 Cal.Rptr. 646, 581 P.2d 651].) (Italics that of the Supreme Court.)
*Supp. 15 In People v. Peters, supra, the Supreme Court held that the language of Penal Code section 1385, as it was then written, did not give authority to municipal court judges, sitting as magistrates, to dismiss an action in the interest of justice. The reason being that section 1385 then provided that “The court may ... in the furtherance of justice, order an action to be dismissed.” The Supreme Court held that the word “court” did not include a magistrate.
In 1980 Penal Code section 1385 was amended to provide: “The judge or magistrate may ... in the furtherance of justice, order an action to be dismissed.”
Apparently recognizing that such an order by a magistrate would not be appealable under Penal Code section 1466 because it would not be an “order of an inferior court,” the Legislature provided a statutory remedy for the review of an order of a magistrate dismissing an action pursuant to section 1385. As part of the same legislative package in 1980, the Legislature created a new procedure providing for a motion to reinstate. Section 871.5, subdivision (a) provides in part: “When an action is dismissed by a magistrate pursuant to Section . . . 1385 ... the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint. ...” (Italics added.)
In the instant case the prosecutor did not attempt to move pursuant to section 871.5, subdivision (a) to reinstate the complaint. Instead, the prosecutor sought to appeal from a nonappealable order. The notice of appeal was filed more than 15 days after the dismissal was ordered by the magistrate and, therefore, would not have been timely even if correctly framed as a motion to reinstate.
For the foregoing reasons, the appeal by the People of the State of California in the above entitled action is dismissed.
The court at this time does not comment on the prosecutor’s right to refile the action pursuant to Penal Code section 1387.
Hastings, P. J., and Cliff, J., concurred.