[No. F010004. Fifth Dist., Sept. 7, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
WAYNE MIMMS et al., Defendants and Respondents.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Jane N. Kirkland and Edmund D. McMurray, Deputy Attorneys General for Plaintiff and Appellant.

Maurice E. Joy, Jim T. Elia, Dowling, Magarian, Phillips & Aaron and Steve E. Paganetti for Defendants and Respondents.

## Opinion

### STONE (W. A.), J.—

#### Statement of the Case and Proceedings

On January 22, 1986, a 28-count felony complaint was filed in the Municipal Court of the Consolidated Fresno Judicial District, charging Wayne Mimms, Sally Mimms, Mark Mimms and David Mimms with various violations of Corporations Code sections 25110, 25401, 25541 and Penal Code[1] sections 487/506. On March 3, 1986, defendants filed a demurrer to the complaint and petitioned for a bill of particulars, alleging that the action was barred by the applicable statute of limitations. Prior to the hearing on the demurrer, in an attempt to avoid the bar of the statute of limitations, a first amended complaint was filed on March 20, 1986, which repleaded the 28 counts and added a general allegation to the effect that none of the crimes charged was, nor reasonably could have been, discovered within 3 years of the filing of the complaint.

On April 24, 1986, defendants requested that the preliminary hearing be continued and that a hearing on the issue of the statute of limitations be held pursuant to *People* v. *Zamora* (1976) 18 Cal.3d 538 [134 Cal.Rptr. 784, 557 P.2d 75]. After a four-day hearing the magistrate sustained defendants' demurrer and dismissed the first amended complaint.

The People appealed the order to the appellate department of the superior court pursuant to section 1466, subdivision (a)(1).[2] The appellate department first addressed the issue of whether review was available to the People under section 1466 or whether the exclusive method for obtaining a review of the magistrate's order was the procedure prescribed in section 871.5.[3]

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Section 1466, subdivision (a)(1), provides in part: "An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases.

"(a) By the people: "(1) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy."

[3] Section 871.5 provides in part: "(a) When an action is dismissed by a magistrate pursuant to Section 859b, 861, 871, 1008, 1381, 1381.5, 1385, 1387, or 1389, or a portion thereof is dismissed pursuant to those same sections which may not be charged by information under the provisions of Section 739, the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint or a portion thereof and to reinstate the custodial status of the defendant under the same terms and conditions as when the defendant last appeared before the magistrate.

The appellate department ruled that section 871.5 was not the exclusive means of review and that it had jurisdiction under section 1466 to hear the appeal. The merits of the appeal were decided in favor of the People, and the order of dismissal was reversed with directions. The People's request that the opinion be published was granted, and pursuant to California Rules of Court, rule 62(a), this court granted a request for certification and ordered that the matter be transferred to it for hearing and decision.

Of particular concern to this court is whether the appellate department of the superior court has jurisdiction to hear a People's appeal of a magistrate's order of dismissal under section 1466. A review of pertinent case law concerning an appeal by the People pursuant to section 1466 and the legislative history behind section 871.5 reveals that the appellate panel of the superior court had no jurisdiction to hear the appeal and that the People's exclusive method of obtaining review of a magistrate's order of dismissal is found in section 871.5. It is therefore unnecessary to consider the merits of the demurrer.

### Jurisdiction of the Appellate Department of the Superior Court to Hear the People's Appeal Pursuant to Section 1466, Subdivision (a)(1)

The conclusion of the appellate department that it had jurisdiction to hear the People's appeal pursuant to section 1466, subdivision (a)(1), is based upon its analysis of *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651] and its progeny, including the Legislature's

---

"(b) Notice of the motion shall be made to the defendant and the magistrate. The only ground for the motion shall be that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof.

"(c) The superior court shall hear and determine the motion on the basis of the record of the proceedings before the magistrate. If the motion is litigated to decision by the prosecutor, the prosecution is prohibited from refiling the dismissed action, or portion thereof.

". . . . . . . . . . . . . . . . .

"(f) Pursuant to paragraph (9) of subdivision (a) of Section 1238 the people may take an appeal from the denial of the motion by the superior court to reinstate the complaint or a portion thereof. If the motion to reinstate the complaint is granted, the defendant may seek review thereof only pursuant to Sections 995 and 999a. Such review may only be sought in the event the defendant is held to answer pursuant to Section 872.

"(g) Nothing contained herein shall preclude a magistrate, upon the resumption of proceedings, from considering a motion made pursuant to Section 1318.

"If the superior court grants the motion for reinstatement and orders the magistrate to issue an order of commitment, the defendant, in lieu of resumed proceedings before the magistrate, may elect to waive his or her right to be committed by a magistrate, and consent to the filing of an amended or initial information containing the reinstated charge or charges. After arraignment thereon, he or she may adopt as a motion pursuant to Section 995, the record and proceedings of the motion taken pursuant to this section and the order issued pursuant thereto, and may seek review of the order in the manner prescribed in Section 999a."

response to *Peters* and the subsequent case of *Landrum* v. *Superior Court* (1981) 30 Cal.3d 1 [177 Cal.Rptr. 325, 634 P.2d 352] which overruled *Peters*. In order to fully understand the issue to be resolved, a review and analysis of the pertinent case law and legislation as it has developed is in order. This review will reveal that there are two separate issues addressed by the courts and the Legislature; one concerns the authority of a magistrate at the preliminary stages of criminal proceedings and the other concerns the procedure available to the People to obtain review of the magistrate's exercise of authority. At certain points these two issues converge, which has resulted in confusion.

In *People* v. *Peters, supra,* 21 Cal.3d 749, the magistrate dismissed a felony complaint pursuant to section 1385[4] after the prosecution refused to disclose the identity of an informer. The prosecutor refiled the complaint, and a second magistrate dismissed the second complaint on the same ground. Thereafter, the prosecutor obtained a grand jury indictment. The superior court granted the defendant's motion to dismiss under section 1387.[5] The issue was whether a magistrate is a "court" with the power to dismiss an action pursuant to section 1385.

The majority relied upon a report prepared by Judge Hartley Shaw, then Presiding Judge of the Los Angeles Superior Court's Appellate Department, which was considered by the Legislature in its 1951 revision of section 1385. In his report Judge Shaw identified an "inferior court" as the municipal court, justice court, city court, police court, police judges' court and all courts other than the superior court having jurisdiction to try misdemeanor charges; and "accusatory pleading" as an " '. . . indictment, an information, an accusation, a complaint filed with a magistrate charging *a public offense of which the superior court has original trial jurisdiction,* and a complaint filed with an inferior court charging *a public offense of which such inferior court has original trial jurisdiction*. . . .' " (21 Cal.3d at pp. 752-753.)[6] The *Peters* court agreed with Judge Shaw's conclusion based upon these definitions that "courts" are tribunals that have trial jurisdiction and that a magistrate is not a court. Therefore, it was held that section 1385 authorizes dismissals by trial courts, not magistrates. (21 Cal.3d at p. 753.)

---

[4]Section 1385 at that time provided that the court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action dismissed. (*People* v. *Peters, supra,* 21 Cal.3d at p. 751.)

[5]Section 1387 provided in part that " '. . . dismissal of an action pursuant to this chapter is a bar to any other prosecution for the same offense if it is a felony and the action has been previously dismissed pursuant to this chapter. . . .' " (*People* v. *Peters, supra,* 21 Cal.3d at pp. 750-751.)

[6]These definitions were adopted by the Legislature in 1951 and can now be found in section 691.

Significantly, the court did not address the meaning of the term "inferior courts" as that term is used in section 1466.

In his dissent, Justice Mosk questioned "why the meaning of 'court' should be controlled by an assumed interrelationship between the definitions of 'inferior court' and 'accusatory pleading . . .'" (*id.* at p. 754) and urged instead that "related statutes as well as judicial construction reflect general acceptance of a common meaning of 'court' to include magistrates." (*Id.* at p. 755.) Justice Mosk engaged in a review of the legislative history of Penal Code provisions relating to magistrates' functions and concluded: "[T]he Legislature intended to—and did—include magistrates within the scope of the term 'court.' To disregard this conclusion by erecting an artificial distinction confined to the circumstances of dismissals under section 1385 would ignore manifest legislative intent and countenance conflicting interpretations of essentially identical statutory terminology." (*Id.* at p. 756.)

The Legislature acted quickly to undo the damage wrought by the Supreme Court's decision in *People* v. *Peters* and passed Senate Bill No. 1476 which would expressly authorize dismissals by magistrates as well as judges. The bill was vetoed by the Governor with the following message: "While I support this bill's attempt to correct the anomalous consequences of the recent Supreme Court decision in *People* v. *Peters,* 21 Cal. 3d 749 (1978), the bill inexplicably fails to provide prosecutors the same right to appeal the dismissal of a criminal case by a magistrate as prosecutors already possess with respect to the dismissal of such a case by a superior court judge. (See *People* v. *Belknap,* 41 Cal. App. 3d 1019 (1974).)" (Governor's Veto Message on Sen. Bill No. 1476.)

*People* v. *Belknap* (1974) 41 Cal.App.3d 1019 held that section 1466 applies only to appeals from misdemeanor proceedings in municipal and justice courts and that the proper remedy to review a magistrate's refusal to entertain a felony complaint and to hold a preliminary examination is by writ of mandate. (*Id.* at pp. 1026-1027.) The *Belknap* court relied upon *People* v. *Randall* (1973) 35 Cal.App.3d 972 [111 Cal.Rptr. 590].

*People* v. *Randall* involved a People's appeal under section 1466 from an order of a magistrate dismissing a felony complaint after suppressing evidence as the product of an illegal search and seizure under section 1538.5. The issue was whether the prosecution was limited to the special hearing procedure prescribed in section 1538.5, subdivision (j), upon the filing of an information or whether an appeal pursuant to section 1466 was available prior to the filing of an information. It was held that the prosecution's

exclusive method of obtaining a review of the magistrate's order was that set out in section 1538.5, subdivision (j). (35 Cal.App.3d. at p. 977.)

The *Randall* court's analysis was three-fold. First, the court used reasoning similar to that subsequently adopted by the majority in *Peters* to ascertain the meaning of the term "inferior court" as that term is used in section 1466. It looked to the role of the magistrate and concluded that although a magistrate may be a judge, "[a] judge does not take his court with him when he sits as a magistrate." (35 Cal.App.3d at p. 975.) When sitting as a magistrate, a judge has the jurisdiction and powers conferred by law upon magistrates, and not those which pertain to their respective judicial offices. (*Ibid.*) Likewise, it concluded that the functions of the magistrate are different from those of any inferior court. " 'Equally it must be said that these preliminary proceedings do not invoke the jurisdiction of an inferior court. The action taken by a judge of an inferior court who has issued the order for arrest or before whom an arrested person is brought after an arrest without a warrant, is not action by a judge of any court. It is action by a magistrate as incumbent of a distinct and statutory office. [Citations.] Once an arrest has been made for an offense within the jurisdiction of the superior court and the arrested person has been brought before a magistrate, it is the duty of that officer to examine into the facts and either discharge the arrested person or hold him to answer to the superior court; and if he is held and an information is filed thereafter it is based upon the proceedings before the magistrate and upon the commitment made by that officer. By the making of the complaint to the magistrate, which may be made by any one claiming to have the necessary information, no trial jurisdiction of any court is invoked.' " (*Ibid.*)

Next the *Randall* court looked to the context of section 1466. "Title 11 of part 2 of the Penal Code is entitled 'Proceedings in Inferior Courts and Appeals from Such Courts.' Chapter 1 thereof is entitled 'Proceedings in Inferior Courts' and deals exclusively with trials of misdemeanors in municipal courts and justice courts. It covers no felonies whatsoever. Section 1462 defines municipal court 'jurisdiction' and limits it to misdemeanors. Thus, preliminary hearings in felony matters are outside the jurisdiction of the 'court' although within the jurisdiction of the *judge* when sitting as a magistrate. Chapter 2 of part 2, title 11, is entitled 'Appeals from Inferior Courts.' It includes section 1466 of the Penal Code.

"The context clearly indicates that the 'inferior courts' of chapter 2 are the same as the 'inferior courts' of chapter 1. Magistrates are not included therein; felonies are not included therein. Assuming that a magistrate may be an inferior court within the meaning of some dictionary definition, it is not a part of the system of 'inferior courts' embraced within title 11 of the Penal Code." (35 Cal.App.3d at pp. 975-976.)

Finally, the court considered the legislative intent behind the procedures set forth in section 1538.5, subdivision (j), and concluded that the People had two choices: if the defendant was not held to answer the prosecution could refile or seek an indictment and not be bound by the adverse ruling of the magistrate (*People v. Uhlemann* (1973) 9 Cal.3d 662 [108 Cal.Rptr. 657, 511 P.2d 609]); if the defendant was held to answer the prosecution could request a special hearing in superior court, at which time the search or seizure issue could be litigated de novo. (*People v. Randall, supra,* 35 Cal.App.3d at p. 977.)

The holding in *Randall* was followed in *People v. Denton* (1978) 84 Cal.App.3d Supp. 1 [148 Cal.Rptr. 850] in an opinion by the Appellate Department of the Los Angeles Superior Court involving a People's appeal under section 1466 challenging a magistrate's diversion order in a felony matter. It was held that the appellate department lacked jurisdiction because appeals under section 1466 could come only from proceedings on misdemeanors in municipal courts and justice courts. (*Id.* at p. 5.)

In March of 1980, the Appellate Department of the San Francisco Superior Court followed *Randall* and *Belknap* and held that a magistrate's order of dismissal after sustaining a demurrer to a felony complaint was not appealable by the People under section 1466. (*People v. Columbia Research Corp.* (1980) 103 Cal.App.3d Supp. 33, 38 [163 Cal.Rptr. 455].) The court went further and held that the magistrate had no authority to rule on the demurrer, but was required to refer the matter to the superior court. (*Id.* at p. 39.)

In August of 1980, *In re Geer* (1980) 108 Cal.App.3d 1002 [166 Cal.Rptr. 912] held that the magistrate has the authority to rule on a demurrer and to dismiss the complaint if the defect cannot be cured, but left open the question of whether the People had a right to appeal. "While we look with favor upon review by direct appeal of a magistral order of dismissal entered on ruling sustaining demurrer to a felony complaint, we invite the Legislature to reexamine the statutory structure of the felony preliminary process before the magistrate and address itself particularly to the jurisdictional problem of appellate review." (*Id.* at p. 1013.)

In September of 1980 the Governor signed Assembly Bill No. 2383 which again addressed the problems created by *People v. Peters, supra,* 21 Cal.3d 749, and the apparent lack of an appeal procedure from a magistrate's order of dismissal in felony matters. Contained in that bill was section 871.5.[7] It is

---

[7] At the time that it was first enacted, section 871.5 applied to dismissals under sections 859b, 861, 871, and 1385. In 1982 it was amended to add all other statutory grounds for a

clear from the legislative history of section 871.5 that it was intended to add a new procedure where there had previously been no such apparatus to permit the prosecution to appeal any dismissal of a criminal action made by a magistrate. (See Sen. Com. on Judiciary Analysis of Assem. Bill No. 2383 (1980 Reg. Sess.); letter to Governor Brown from Assemblyman Bill McVittie, the bill's sponsor; letter from the State Bar to Governor Brown recommending that the Governor sign the bill; and letter from Executive Director of the California District Attorneys' Association pointing out the lack of an appropriate appellate procedure.)[8]

*People* v. *Peters, supra,* 21 Cal.3d 749, was expressly overruled in *Landrum* v. *Superior Court, supra,* 30 Cal.3d 1, which adopted the reasoning of Justice Mosk's dissenting opinion in *Peters* and held that a magistrate is a "court" within the meaning of section 1385 and has authority to dismiss under that section. (*Id.* at pp. 14-15.) The *Landrum* court *did not* consider whether a magistrate is an "inferior court" within the meaning of section 1466. But in a footnote the court recognized that section 871.5 was enacted to provide "a means by which the district attorney can appeal a magistrate's order to dismiss an action . . . ." (30 Cal.3d at p. 6, fn. 4.)

Two more recent cases have held that the People have no right to appeal a magistrate's dismissal under section 1466. (*People* v. *Chamblis* (1985) 175 Cal.App.3d Supp. 13 [163 Cal.Rptr. 455]; *People* v. *Superior Court (Chico etc. Health Center)* (1986) 187 Cal.App.3d 648 [232 Cal.Rptr. 165].) However, these cases appear to have been caught up in the confusion created by *People* v. *Peters, supra.*

In *Chamblis,* the court inexplicably relied upon *Peters, supra,* and concluded that a magistrate is not an "inferior court" when he processes a felony complaint and that section 871.5 is the exclusive remedy for review of the magistrate's dismissal order. (175 Cal.App.3d Supp. at pp. 14-15.) As discussed previously, *Peters* did not hold that a magistrate was not an "inferior court" within the meaning of section 1466. Furthermore, *Peters* had been overruled by *Landrum*. However, support can be found for the holding of the *Chamblis* court in *Randall* and *Belknap* and their progeny.

---

dismissal of the complaint by a magistrate, including dismissal of a complaint after sustaining a demurrer under section 1008. (See Sen. Bill No. 1743 (1981-1982 Reg. Sess.) ch. 671, § 1.)

[8] The State Bar of California sponsored Assembly Bill No. 2383, and in a letter to Assemblyman McVittie requesting that he accept authorship of the bill, the Office of the Legislative Representative to the State Bar characterized section 871.5 as follows: "For the purpose of reviewing a magistrate's dismissal a motion to reinstate shall be brought in the Superior Court. This is essentially the flip side of a Section 995 motion where a defendant seeks review of a magistrate's decision in a preliminary hearing." (See also *People* v. *Slaughter* (1984) 35 Cal.3d 629 [200 Cal.Rptr. 448, 677 P.2d 854] and *People* v. *Encerti* (1982) 130 Cal.App.3d 791 [182 Cal.Rptr. 139].)

*People* v. *Superior Court (Chico etc. Health Center), supra,* 187 Cal.App.3d 648, as well cites *Peters* to support its conclusion that a magistrate is not an "inferior court" within the meaning of section 1466, but also cites *Randall* and *Belknap* as authority. (*Id.* at p. 653.)

■ Returning to the case before us, we note that the Appellate Department of the Fresno County Superior Court articulated several reasons in support of its conclusion that sections 1466 and 871.5 are alternative modes of review. However, we find that none of the reasons is supported by case law or logic.

First, the court erroneously concludes, based upon the holding in *Landrum,* that "court" and "magistrate" are synonymous for all purposes. *Landrum* does not so hold. ■ The position of magistrate is an office created by statute, separate and apart from the court, and the authority of a magistrate is likewise provided by statute. (*People* v. *Randall, supra,* 35 Cal.App.3d at p. 975; *People* v. *Superior Court (Chico etc. Health Center), supra,* 187 Cal.App.3d at pp. 653-654.) ■ As we have discussed, many authorities have held that "inferior courts" within the meaning of section 1466 are municipal courts and justice courts sitting in misdemeanor matters. (*People* v. *Randall, supra*; *People* v. *Belknap, supra,* 41 Cal.App.3d 1019; *People* v. *Denton, supra,* 84 Cal.App.3d Supp. 1; *People* v. *Columbia Research Corp., supra,* 103 Cal.App.3d Supp. 33; *People* v. *Superior Court (Chico etc. Health Center), supra,* 187 Cal.App.3d 648.) These cases were not affected by *Landrum.* The fact that a magistrate has the same authority as a court to dismiss a felony complaint has no bearing on the issue of how the prosecution may challenge an allegedly erroneous dismissal.

Second, citing *In re Geer, supra,* 108 Cal.App.3d at pages 1012-1013, the appellate panel states that appellate courts have accepted the People's right to invoke the appellate jurisdiction of the superior court to review a magistrate's dismissal order. As we previously noted, *In re Geer* did not address the issue but left it unresolved and invited the Legislature to address the problem. (*Id.* at p. 1013.)

Third, the court concludes that section 1466 and section 871.5 are not "so irreconcilable, clearly repugnant, and inconsistent as to make their 'concurrent operation' intolerable." However, it fails to recognize the potential problems that arise if the People are allowed to invoke the appellate process of section 1466 before an information has been filed in the superior court. For example, is the prosecution bound by a magistrate's order of dismissal if the appellate department affirms the order on appeal pursuant to section 1466? It would appear that a second complaint could be filed, and since the double dismissal bar of section 1387 does not apply to a dismissal

after sustaining a demurrer to the complaint (§ 1008), the process could theoretically continue ad infinitum. Conversely, suppose the appellate department were to reverse the order of dismissal and the defendant were held to answer. Would the defendant be bound by the decision or could defendant file a demurrer to the information and litigate the issues de novo?

The procedures set forth in section 871.5 avoid the confusion apparent in using section 1466 to review a magistrate's order of dismissal. In addition, the lengthy amount of time involved in such an appeal is detrimental to both the People and the defense. Section 871.5, subdivision (c), provides a specific bar to potential abuse by continued refilings, similar to that of section 1387. It sets out a straightforward procedure to be followed by both parties if the decision of the reviewing court is unfavorable. The People can appeal under section 1238. (§ 871.5, subd. (f).) The defendant can obtain review under sections 995 and 999a if held to answer. (§ 871.5, subd. (f).)

 We conclude section 871.5 is the exclusive method by which the People may obtain a review of a magistrate's order of dismissal.

The appellate department of the superior court was without jurisdiction under Penal Code section 1466 to consider an appeal from the magistrate's order of dismissal. Therefore, the appeal is dismissed and the opinion in appellate department case No. 971 is vacated.

Franson, P. J., and Woolpert, J., concurred.